19422

**EASTERN BUSINESS FORMS, INC., Respondent, v. James E. KISTLER, Appellant**

(189 S. E. (2d) 22)

430

*James G. Long, Jr., Esq.,* of *Ward, Howell, Barnes & Long,* Spartanburg, *for Appellant,*

*T. Louis Cox, Esq.,* of *Cox & Brooks,* Spartanburg, *for Respondent,*

*James G. Long, Jr., Esq.,* of *Ward, Howell, Barnes & Long,* Spartanburg, *for Appellant, in Reply,* 

May 23, 1972.

Moss, Chief Justice.

Eastern Business Forms, Inc., the respondent herein, brought this action seeking to restrain and enjoin a former employee, James E. Kistler, the appellant herein, from violating a restrictive covenant contained in a contract of employment. The respondent sought to enjoin the appellant from engaging in the sale or distribution of any printed material or business forms of the type sold by the respondent and that he be enjoined from soliciting and selling to its customers within a 100-mile radius of the City of Greenville and within such radius of the central city of the territory assigned to the appellant.

Upon the filing of the complaint, a temporary restraining Order was issued by the trial judge on August 30, 1971. At the hearing set by the court, the appellant opposed the request for a temporary injunction on the ground that the territory sought to be protected was unreasonable. The trial judge, after hearing testimony offered by the parties, issued an injunction *pendente lite* restraining the

appellant from selling printed products of the same type sold by the respondent in the counties of Spartanburg, Cherokee and Union. This appeal is from such Order.

The respondent and the appellant entered into an employment contract on October 14, 1966. We quote the following from the agreement.

"3. Salesman is to have such territory as may be determined by Employer, and is to receive credit on his account for all sales made within such territory.

\* \* \*

"7. \* \* \* It is further understood and agreed that upon the termination of this contract Salesman is not to sell printing products of the type produced or sold by Employer for a period of twelve (12) months within a 100-mile radius of the City of Greenville nor within a 100-mile radius of the central city of the assigned territory of Salesman."

It appears that the parties to the aforesaid contract performed thereunder until August 15, 1971, when the appellant voluntarily terminated his employment. Upon such termination, he went to work for a competitor and was calling on and selling to customers of the respondent, they being the same customers that he called on when he was in its employment. It further appears from the testimony that pursuant to Section 3 of the contract above quoted, the territory assigned to the appellant comprised an area consisting of the counties of Spartanburg. Cherokee, Union and practically all of the work of the appellant was done in these three counties. Although he worked some areas in North Carolina, this was not a part of his assigned territory.

The trial judge, based upon the foregoing testimony, held that the 100-mile radius provided for in Section 7 of the contract was unreasonable, since such a wide area was not needed for the protection of the business of the respondent. We have held that the restraint as to territory, in order to be reasonable, must be necessary

for the protection of the interest of the employer. *Standard Register Co. v. Kerrigan,* 238 S. C. 54, 119 S. E. (2d) 533.

The question for determination is whether the trial judge could, after holding that the 100-mile radius provision of the contract was unreasonable, sever that part of the contract and enforce the restrictive covenant contained in the contract only in the counties of Spartanburg, Cherokee and Union.

Some courts have applied the so called "blue pencil test", that is, if the excessive restraint is severable in terms, it may be disregarded and the remaining part of the contract enforced; but if the contract is not severable in terms, the entire covenant falls. *Somerset v. Reyner,* 233 S. C. 324, 104 S. E. (2d) 344. We recognize that some courts apply the rule that if the restrictive covenant as to time or space is unreasonable, even though indivisible in terms, it is nevertheless enforceable for so much of the performance as would be a reasonable restraint. These courts hold that the legality of restraint should not turn on the mere form of the wording but upon the reasonableness of giving effect to the indivisible promise to the extent that would be lawful.

We quote the following from the *Somerset* case which comes from Pollock, Contracts (11th Ed.), page 335:

" 'A restrictive covenant which contains or may be read as containing distinct undertakings bounded by different limits of space or time, or different in subject matter, may be good as to part and bad as to part. But this does not mean that a single covenant may be artificially split up in order to pick out some part of it that it can be upheld. Severance is permissible only in the case of a covenant which is in effect a combination of several distinct covenants.' "

We quote from 17 C. J. S. Contracts § 289a, page 1224, the following:

"* * * The severability of the contract must be determined from its language and subject matter; and where the severable character of the agreement is not determinable from the contract itself, the court, in order to uphold the contract, cannot create a new agreement for the parties, for example, so as to make the restraint a partial restraint within a lesser area than that specified in the covenant or for a lesser period of time."

The restrictive covenant here is clearly indivisible because it provides a 100-mile radius of the City of Greenville or of the central city where the appellant performs his services as a salesman, and furnishes no basis for dividing this territory. The contract shows upon its face that it was the intent of the parties thereto that this covenant be treated as indivisible. It follows, that there is no basis for drawing a sharply defined line separating the excess territory. We cannot make a new agreement for the parties into which they did not voluntarily enter. We must uphold the covenant as written or not at all, it must stand or fall integrally. The invalidity of the covenant is not aided by the respondent's willingness to accept a restriction that is proper in scope.

Having concluded that the covenant is unreasonable as to territorial restraint, it becomes unnecessary for us to pass upon the other questions posed by the appellant.

The judgment of the court below is reversed and the order granting injunction *pendente lite* is vacated.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.