## 21351

William O. SERMONS, Respondent-Appellant, v. CAINE & ESTES INSURANCE AGENCY, INC., Appellant-Respondent.

(273 S. E. (2d) 338)

*W. Francis Marion* and *Frances D. Ellison,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant-respondent.*

*Harvey G. Sanders, Jr., Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent-appellant.*

December 10, 1980.

LITTLEJOHN, Justice:

This action involves the validity of several different covenants not to compete. Both the plaintiff William O. Sermons (employee) and defendant Caine & Estes Insurance Agency, Inc. (employer) moved for summary judgment in the declaratory judgment proceeding below. The motions were denied by the trial judge and both parties have appealed.

Employee was employed as an insurance agent by the employer in 1973. He signed an employment contract con-

taining certain covenants restricting his activities upon his termination or retirement; the restrictions were designed to protect the business of the employer. This agreement was replaced in 1977 by a new employment contract containing similar restrictions. In 1978, the stock of the employer was acquired in its entirety by another corporation. In the sale of his shares to the new corporation, each shareholder was required to execute a document containing two sets of restrictive covenants designed to preserve the goodwill of the employer. Employee, being a shareholder, was subjected to these noncompetition clauses in addition to the covenants in his 1977 employment contract. In 1979, employee terminated his employment with employer and commenced selling insurance through his own newly-formed agency. Soon thereafter, employee brought this suit to determine the enforceability of the above-mentioned sets of covenants not to compete.

We first address the issue of whether the trial judge should have granted summary judgment to one of the moving parties. Counsel for both sides stipulated that there remained only legal issues to be resolved. Inasmuch as we find the restrictive covenants unreasonable as a matter of law, we conclude the trial judge should have disposed of this action on the merits by granting the motion of the employee for summary judgment.

The three sets of restrictive covenants at issue are as follows:

(1) 1977 Employment Agreement

"[Upon] the termination of this contract by either party, . . . the Employee should [not] enter upon the solicitation of fire or casualty or life or health insurance or bonds within the State of *South Carolina,* which solicitation in any way competes with the business of Caine . . . for a period of three (3) years . . . [or else] shall pay to Caine [calculated damages]."

(2) 1978 Agreement to Preserve Goodwill of [employer], paragraph (b):

"The Shareholder will not at any time, except in the normal course of business on behalf of Caine-Estes, solicit or accept insurance agency or brokerage business from any corporation, firm or individual that was a client of Caine-Estes on the date of this agreement or within one year prior to such date.

(3) 1978 Agreement to Preserve Goodwill of [employer], paragraph (c):

"This Shareholder agrees not to establish or open within the state of S. C., . . . any business, trade or occupation similar to the business of Caine-Estes, or in any manner to become interested . . . in any such business, trade or occupation in such state . . . [for] two years from the date hereof."

The president of the employer testified that employee, while employed by the employer, handled property and casualty insurance and worked primarily within a fifty-mile radius of Greenville. Affidavit of the employer stated that plaintiff also was assigned several customers outside this area.

Our law is well-established that restrictive covenants not to compete are generally disfavored and will be strictly construed against the employer. *Almers v. S. C. Nat'l. Bank of Charleston*, 265 S. C. 48, 217 S E. (2d) 135 (1975). The enforceability of a noncompetition clause depends on whether it is

". . . necessary for the protection of the legitimate interest of the employer, is reasonably limited in its operation with respect to time and place, is not unduly harsh and oppressive in curtailing the legitimate efforts of the employee to earn a livelihood, is reasonable from the standpoint of sound public policy, and is supported by a valuable consideration." *Oxman v. Sherman*, 239 S. C. 218, 122 S. E. (2d) 559 (1961).

Applying the clearly-defined standard above, we conclude that, as a matter of law, all three sets of restrictions are unenforceable. Each of them involves an unreasonable limitation on the activities of the employee. Certainly, the impact of the three in combination brings about a limitation contrary to policy established under our cases. There is no good reason for limiting the activity of the employee throughout the entire state of South Carolina. While conceding that a limitation of two or even three years may not be obnoxious, the limitation ". . . at any time . . ." cannot be justified. While recognizing the legtimate interests of a business in protecting its clientele and goodwill, we are equally concerned with the right of a person to use his talents to earn a living The facts of this case, considered under the policy of this state, render these noncompetition covenants void and unenforceable as being an unwarranted limitation on the plaintiff's right to make a livelihood.

Accordingly, we remand to the lower court for entry of judgment for the plaintiff-employee.

Remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.