21759

CAINE & ESTES INSURANCE AGENCY, INC., Respondent, v. J. B. WATTS, individually, and J. B. Watts Company, Inc., Appellants.

(293 S. E. (2d) 859)

*John A. Hagins, Jr.,* of *Horton, Drawdy, Hagins, Ward & Johnson,* Greenville, *for appellants.*

*Paul J. Foster, Jr.,* of *Foster & Richardson,* Greenville, *for respondent.*

July 19, 1982.

NESS, Justice:

Appellant Watts appeals the order of the trial court upholding the validity of an employment agreement between the parties and ordering its specific performance. Watts asserts the non-competing clause contained in the agreement renders it invalid. We disagree and affirm.

While employed with respondent Caine & Estes Insurance Company in Greenville, South Carolina, Watts executed two agreements with the Company.

First, an employment agreement with a non-competing clause, dated August 1974; and second, an agreement for the sale of stock and to preserve good will, dated August 1978.

Subsequently, Watts resigned from the Caine & Estes Agency to go into business for himself. However, due to existence of the August 1974 employment contract, Watts contacted Caine & Estes in November 1978 and negotiated a third agreement allowing Watts to compete with respondent's agency, in violation of the two prior agreements. This final agreement required Watts to pay respondent for a period of three years, fifty percent of any commissions received from the sale of insurance to any person who was a Caine & Estes customer at the time Watts resigned.

Watts did not make a payment for the first year and Caine & Estes instituted this action for an accounting and judgment pursuant to the November 1978 agreement.

This case is analogous to our decision in *Standard Register Company v. Kerrigan*, 238 S. C. 54, 119 S. E. (2d) 533 (1961). There we held a covenant restricting an employee from selling to the accounts or in the territory handled for the employer for two years after leaving the employer was not contrary to public policy and enforceable. We also recognized the necessity for an employer to protect himself where the nature of the employment brings the employee in personal contact with the customers of the employer. *Id.* 119 S. E. (2d) at 540.

The present case involves the insurance business where customer relations is an essential working asset the agency possesses. The nature of appellant's employment exposed him not only to clients personally, but also to confidential information and files of the agency. Thus, here respondent served a legitimate public policy by protecting his business interests.

Appellant asserts, however, the November 1978 agreement is invalid under our decision in *Almers v. South Carolina National Bank of Charleston*, 265 S. C. 48, 217 S. E. (2d) 135 (1975), in that it fails to contain reasonable time and geographic limitations, and is unduly harsh as to appellant's economic status. *Almers,* supra, 217 S. E. (2d) at 139. We disagree.

The agreement does not restrict appellant from selling insurance at all, the only restriction is that for three years, if he sells to a client of respondent, he must divide the commission received. Geographically, the restriction is specific to only where respondent's clients are located. Appellant is free to sell anywhere else, subject only to respondent's protection of his own clients. The restrictions here are akin to those upheld in Standard Register Company, supra, where the employee was limited only from selling to certain customers but was free to sell to anyone else.

Thus we hold the agreement is valid as it is not unduly harsh or oppressive.

Appellant also argues there was no consideration for the November 1978 agreement. However, a forbearance to exercise a legal right is valid consideration for a promise made on account of it. *General Electric Company v. Lions Gate*, 273 S. C. 88, 254 S. E. (2d) 305 (1979). Respondent contends his forbearance to enforce the two prior agreements

are ample consideration for the November 1978 agreement. We agree.

Moreover, the November 1978 agreement, signed by appellant recites consideration as being "the mutual terms and conditions stated" in the agreement. This argument has no merit.

Appellant finally alleges, without citing any authority, that parties cannot enter a non-competing or forfeiture agreement in a field of business licensed and regulated by the State of South Carolina. However, we upheld similar restrictions in Almers, supra, which involved banking institutions licensed and regulated by both state and federal authorities. This exception is without merit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.