21885

RENTAL UNIFORM SERVICE OF FLORENCE, INC., Appellant, v.
James E. DUDLEY, Respondent.
(301 S. E. (2d) 142)

*L. Franklin Elmore,* of *McGowan, Nettles, Keller & Eaton,*
Florence, *for appellant.*

*D. Kenneth Baker*, Darlington, *for respondent.*

March 17, 1983.

*Per Curiam:*

Rental Uniform Service of Florence, Inc., appellant, was engaged in the business of laundering and furnishing coveralls, work clothes, uniforms and other items to commercial establishments in fourteen counties in South Carolina.

Respondent was employed by appellant for seven years until his termination in 1979. His duties consisted of driving a truck to pick up and deliver the industrial laundry to and from appellant's customers in a six-county area within appellant's fourteen-county territory.

About a year after leaving his job with appellant, respondent began working for a competitor in the same area in which he had worked while employed by appellant. Subsequently, appellant commenced this action to enforce the terms of a covenant not to compete contained in the employment contract executed by respondent in 1972.

The trial judge found the agreement to be unreasonably restrictive and denied appellant's request for injunctive relief.

The pertinent portions of the agreement in question are quoted below:

> That upon termination of his employment ... the [respondent] shall not, directly or indirectly, during a period of three years immediately following such termination engage in the industrial laundry business ... in any capacity whatsoever in the area within said Territory hereinabove referred to in which [respondent] worked or to which he was assigned at any time during his employment with the Company...

Restrictive covenants not to compete are generally disfavored and will be strictly construed against the employer. An agreement's enforceability depends on whether it is necessary for the protection of the legitimate interest of the employer, is reasonably limited in its operation with respect to time and place, is not unduly harsh and oppressive in curtailing the legitimate efforts of the employee to earn a livelihood, is reasonable from the standpoint of

sound public policy, and is supported by a valuable consideration. *Sermons v. Caine & Estes Insurance Agency, Inc.*, 275 S. C. 506, 273 S. E. (2d) 338 (1980).

The three-year time restraint is only a year longer than the two-year restraint described as reasonable in *Delmar Studios of the Carolinas v. Kinsey*, 233 S. C. 313, 104 S. E. (2d) 338 (1958). The Court in *Sermons* stated that a limitation of two or three years, may not be obnoxious in the context of a noncompetition agreement, while in that case the restraint "at any time" could not be justified. Consequently, the time limitation alone is not unreasonable.

A geographic restriction is generally reasonable if the area covered by the restraint is limited to the territory in which the employee was able, during the term of his employment, to establish contact with his employer's customers. *Standard Register Company v. Kerrigan*, 238 S. C. 54, 119 S. E. (2d) 533 (1961).

The area limitation of the agreement falls within the guidelines of the *Standard Register* case since respondent is restricted only in the area "in which [respondent] worked or to which he was assigned at any time during his employment. . . ." *See Delmar Studios of the Carolinas v. Kinsey, supra.*

We hold that the noncompetitive agreement provides a reasonable restriction under the circumstances of this case. The trial judge erred when he found otherwise.

Respondent argues appellant should be bound by the testimony of the company's Sales Manager, who stated he understood the agreement to restrain respondent from competing throughout the company's entire fourteen-county area of operation. The terms of the agreement, however, clearly restrict respondent only in the six-county area within the company's territory in which respondent worked or to which he was assigned during his employment. We are *not bound* by the Sales Manager's testimony, since the interpretation of an unambiguous agreement is for the court. *Proffitt v. Sitton*, 244 S. C. 206, 136 S. E. (2d) 257 (1964).

Finally, respondent suggests that another covenant contained in the agreement makes the agreement invalid. The trial judge based his order on the provision quoted above and respondent did not file an additional sus-

taining ground as permitted under Supreme Court Rule 1, § 3 C. Consequently, he cannot benefit from this argument on appeal. *Green v. City of Bennettsville,* 197 S. C. 313, 15 S. E. (2d) 334 (1941).

Therefore, the order of the trial judge is reversed.