0639

COLLINS MUSIC CO., INC., Appellant v. James A. PARENT, Individually and d/b/a Parent Amusement Co., Inc., Respondent.

(340 S. E. (2d) 794)

Court of Appeals

---

*Michael D. Layman,* of *Dobson & Dobson, P.A.,* Greenville, and *John M. Tatum* and *Frederick M. Corley,* of *Harvey & Battey, P.A.,* Beaufort, *for appellant.*

*James H. Moss* and *H. Fred Kuhn, Jr.,* both of *Moss, Bailey, Dore,* and *Jessee, P.A.,* Beaufort, *for respondent.*

Heard Nov. 12, 1985.

Decided Feb. 21, 1986.

BELL, Judge:

Collins Music Company commenced this suit against James A. Parent for alleged violations of a covenant not to compete in a written employment agreement. The trial judge found the covenant overly broad and unenforceable. Collins appeals. We reverse.

Parent was employed on August 8, 1977, as a collector in Collins' Greenville office. He signed an agreement not to engage in the business of his employer for a period of one year from the date of leaving his employ "in any customer location presently served by Employee and/or to be serviced by Employee, which includes as of the date of this agreement, the following locations." The list attached to the

agreement contained the names and addresses of customers serviced by Collins in Greenville, Anderson and Spartanburg counties. The agreement further provided that the restrictive covenant applied to "any acquired customer locations while Employee is in the employment of Employer." In the Spring of 1982 Parent was transferred to Beaufort to manage Collins' business accounts in Beaufort, Hampton, and Jasper counties. Parent left Collins' employ on April 17, 1982.

Collins commenced this suit on May 21, 1982, contending Parent was conducting a competing business in violation of the covenant not to compete. Collins requested an injunction against breach of the covenant not to compete, damages for breach of Parent's fiduciary duties to his employer, and damages for fraudulent breach of the employment agreement.

The case was tried on September 21, 1983. The request for an injunction had been disposed of by prior litigation and appeal. *Collins v. Parent*, Opinion No. 85-MO-015 (S. C. Ct. App. filed April 11, 1985). Collins moved the court for a ruling on the validity and enforceability of the covenant not to compete. The court found the provision restricting competition at customer locations "to be serviced" too broad. Consequently, it ruled the covenant invalid and unenforceable. The remaining cause of action for breach of fiduciary duties was presented to the jury, which awarded Collins $1,000 actual and $500 punitive damages.

Collins contends the cause of action for breach of contract should have been submitted to the jury, since the covenant not to compete was neither overly broad nor ambiguous.

Covenants not to compete are generally disfavored, are critically examined, and will be strictly construed against the employer. *Almers v. South Carolina National Bank of Charleston*, 265 S. C. 48, 217 S. E. (2d) 135 (1975); *Sermons v. Caine & Estes Insurance Agency, Inc.*, 275 S. C. 506, 273 S. E. (2d) 338 (1980). A covenant's enforceability depends on whether it is necessary for the protection of the legitimate interest of the employer, is reasonably limited in its operation with respect to time and place, is not unduly harsh and oppressive in curtailing the legitimate efforts of the employee to earn a livelihood, is reasonable

from the standpoint of sound public policy, and is supported by a valuable consideration. *Rental Uniform Service of Florence, Inc., v. Dudley*, 278 S. C. 674, 301 S. E. (2d) 142 (1983).

In this case, the character of the restriction is disputed. Parent urges this court to affirm the circuit judge's interpretation of this provision as an overly broad territorial limitation. Collins argues this provision is not a territorial limitation at all, and only restricts Parent from soliciting Collins' customers.

We have examined the list of customer locations included in the agreement and find the restriction pertains only to Collins' customer locations either at the time Parent began his employment or during his term of employment. Under this provision, Parent would be free to solicit new customers to which he had not been assigned while in Collins' employ in any county or city in the state. The provision merely prohibits pirating of Collins' customers. It is not a territorial restriction. A restriction which allows the former employee to sell anywhere else, subject only to the employer's protection of his own clients, is valid. *Caine & Estes Insurance Agency, Inc. v. Watts*, 278 S. C. 207, 293 S. E. (2d) 859 (1982). We, therefore, find the provision to be a valid and enforceable restriction on solicitation of Collins' customers.

Reversed.

SHAW and GOOLSBY, JJ., concur.