0976

RENTAL UNIFORM SERVICE OF GREENVILLE, SOUTH CAROLINA, INC., Respondent v. K & M TOOL AND DIE, INC., Appellant.

(357 S. E. (2d) 722)

Court of Appeals

*Daniel E. Hunt,* Easley, *for appellant.*

*Susan L. Pringle,* Mauldin, *for respondent.*

Heard May 25, 1987.

Decided June 22, 1987.

GOOLSBY, Judge:

This action by the respondent Rental Uniform Service of Greenville, South Carolina, Inc., alleges that the appellant K & M Tool and Die, Inc., breached a contract by which Rental Uniform Service agreed to provide uniforms on a rental basis to K & M. One provision of the contract provides that "[s]hould [K & M] fail to comply with this agreement . . . [K & M] hereby agrees to pay Rental Uniform Service, Inc., as liquidated damages, an amount equal to two-thirds of the

total regular weekly rental multiplied by the number of weeks remaining in the term...." At the beginning of the trial, the trial judge determined as a matter of law that the sum fixed by this provision for nonperformance of the contract is liquidated damages and not a penalty.

K & M appeals from an adverse jury verdict. It contends that the trial judge should have submitted to the jury the issue of whether the sum mentioned in the provision is liquidated damages or a penalty. It also contends that counsel for Rental Uniform Service made improper and prejudicial remarks during her argument to the jury. We affirm.

As this court noted in *Benya v. Gamble*, 282 S. C. 624, 321 S. E. (2d) 57 (Ct. App. 1984), *cert. dismissed,* 285 S. C. 345, 329 S. E. (2d) 768 (1985), the question of whether a sum fixed in a case of nonperformance is liquidated damages or a penalty can be either a question of law to be determined by the trial judge or a question of fact to be determined by the jury. The question of whether a sum stipulated to be paid in case of breach of an agreement is to be regarded as liquidated damages or a penalty is one of construction and is generally determined by the intention of the parties. *Retailers Service Bureau, etc., Inc. v. Smith*, 165 S. C. 238, 163 S. E. 649 (1932).

Here, the contract expressly states that the provision is for "liquidated damages." While this designation is not necessarily conclusive of the issue of whether the sum specified in the contract is either liquidated damages or a penalty [*Benya v. Gamble, supra*], the designation is indicative of the intention of the parties and must be accepted as the true expression of their intention until it is shown that the provision is for a penalty. 25 C. J. S. *Damages* § 105 at 1043 (1966).

As in *Retailers Service Bureau,* there "is not a syllable of testimony from the defendant" that the stipulation here was regarded by K & M as something other than liquidated damages or that the amount did not represent the amount of actual damages sustained by Rental Uniform Services. 165 S. C. at 244, 163 S. C. at 651.

K & M, however, complains that the trial court did not afford it an opportunity to present any evidence concerning the character of the provision. This com-

plaint comes too late, appearing as it does for the first time in K & M's brief before this court. As a general rule, the Court of Appeals will not address a question not raised in and passed on by the trial court. *Hubbard v. Rowe,* 192 S. C. 12, 5 S. E. (2d) 187 (1939); *Mackey v. Kerr-McGee Chemical Co.,* 280 S. C. 265, 312 S. E. (2d) 565 (Ct. App. 1984).

In any case, we cannot determine whether K & M suffered prejudice or not by the trial court's asserted failure to allow it an opportunity to present evidence as to the nature of the provision in question. The record does not show that K & M proffered any proof that the amount fixed by the provision at issue constitutes a penalty and not liquidated damages. Without a proper offer of proof in this regard, our review of the trial court's alleged failure to provide K & M an opportunity to introduce evidence on the question of the fixed sum's character is precluded. *See Bowling v. Mangum,* 122 S. C. 179, 115 S. E. 212 (1922) (the exclusion of evidence will not be considered on appeal where the record does not show what the evidence would have been); 4A C. J. S. *Appeal & Error,* § 1169b at 1278 (1957) ("Error in the exclusion of evidence will not be considered, unless the record shows what such evidence would have been. . . ."). We note that K & M does not claim that the trial court prevented it from making an offer of evidence on this issue.

The trial judge, therefore, did not commit reversible error in holding the stipulated sum to be liquidated damages.

Regarding K & M's contention concerning the alleged improper and prejudicial argument made by counsel for Rental Uniform Service, this complaint also comes too late. K & M did not object when counsel in her closing argument made the offending statements. *See Young v. Warr,* 252 S. C. 179, 165 S. E. (2d) 797 (1969) (the proper course to be pursued when opposing counsel makes an improper argument is to immediately object and to have a record made of the statements complained of and to ask the court for a distinct ruling on the objection). K & M's failure to object at that time constitutes a waiver of its right to raise on appeal any question concerning the propriety and prejudicial effect of opposing counsel's argument. *Johnson v. Painter,* 279 S. C. 390, 307 S. E. (2d) 860 (1983).

For the foregoing reasons, the judgment is

Affirmed.

SANDERS, C.J., and LITTLEJOHN, J., concur.