1892

Fred STRINGER, D.V.M., Respondent v.
Walter HERRON, D.V.M., Appellant.

(424 S.E. (2d) 547)

Court of Appeals

*Kenneth L. Childs* and *David T. Duff*, Columbia, *for appellant.*

*R. Lawton McIntosh*, Anderson, *for respondent.*

Heard Oct. 7, 1992.

Decided Nov. 16, 1992.

GOOLSBY, Judge:

This appeal concerns the enforceability of a covenant not to compete ancillary to an employment contract between two veterinarians, Fred Stringer and Walter Herron. The trial court upheld the covenant's territorial restriction and enjoined Herron from practicing veterinary medicine within the proscribed area.[1] It also awarded Stringer $30,000 in "liquidated damages." Herron appeals.[2] We reverse.

Herron and Stringer entered into a written employment contract on July 1, 1985. The contract, which was to begin on July 1, 1986, and to end on July 1, 1991, contained the following covenant:

> During a period of three years from the termination of the employee's employment . . . the employee will not associate himself or engage in, directly or indirectly, any business or practice which exists for the practice of veterinary medicine within fifteen miles of any veterinary practice operated by the employer . . . at the time of termination of employment.

The contract further provided for "liquidated damages" in the amount of $30,000 in the event Herron breached the contract.

---

[1] The trial court tried the case upon stipulated facts. Consequently, it had only questions of law to decide. *Independent Grain Dealers Mktg. Ass'n. v. Beard*, 284 S.C. 309, 326 S.E. (2d) 169 (Ct. App. 1985).

[2] The Chief Justice, acting for the Supreme Court, superseded the trial court's order shortly after the trial court entered its order enjoining Herron from engaging in the practice of veterinary medicine in the areas of question.

Herron voluntarily terminated his employment with Stringer on or around July 15, 1989. At that time, Stringer operated three, animal hospitals in Anderson County: on Shockley Ferry Road and on Clemson Boulevard in Anderson and on Anderson Street in Belton.

After leaving Stringer's employ, Herron began a mobile veterinary practice in and around the Anderson County area. He advertised his practice in the yellow pages and local newspapers and operated within the proscribed areas. According to records filed with the South Carolina Department of Health and Environmental Control, Herron vaccinated at least 249 animals formerly on Stringer's active customer lists.

Covenants not to compete contained in an employment contract are generally disfavored and will be strictly construed against the employer. *Rental Uniform Service v. Dudley*, 278 S.C. 674, 301 S.E. (2d) 142 (1983). A restriction against competition must be no greater than is reasonable to protect the legitimate interest of the employer. *Almers v. South Carolina Nat'l Bank*, 265 S.C. 48, 58, 217 S.E. (2d) 135, 140 (1975). A covenant not to compete will be upheld if it is:

(1) necessary for the protection of the legitimate interest of the employer;
(2) reasonably limited in its operation with respect to time and place;
(3) not unduly harsh and oppressive in curtailing the legitimate efforts of the employee to earn a livelihood;
(4) reasonable from the standpoint of sound public policy; and
(5) supported by a valuable consideration.

*Dudley*, 278 S.C. at 675-76, 301 S.E. (2d) at 143. As this court recently observed in *Wolf v. Colonial Life and Accident Ins. Co.*, — S.C. —, —, 420 S.E. (2d) 217, 223 (Ct. App. 1992), cases concerned with the enforceability of covenants not to compete contained in employment contracts "must be decided on their own facts."

Our focus here need only be upon the question of whether, as a matter of law, the covenant in issue is reasonably limited in its operation with respect to place. *See Somerset v. Reyner*, 233 S.C. 324, 330, 104 S.E. (2d) 344, 346 (1958) ("If . . . the territorial scope of the restraint is unreasonable . . . no inquiry

need be made as to the presence or absence of other necessary requirements.")

To be considered reasonable, a territorial restriction ■ must not cover an area any broader than is necessary to protect the employer's legitimate interest. *Standard Register Co. v. Kerrigan*, 238 S.C. 54, 119 S.E. (2d) 533 (1961).

As we mentioned, Stringer maintained a "veterinary practice" at three locations in Anderson County. The practice locations were so situated within the county that the 15-mile radius around each one overlapped with the others and together they created a proscribed area that embraced nearly all of Anderson County, parts of Abbeville, Greenville, Pickens, and Oconee Counties, and, indeed, a small part of Georgia. Although 96 percent of Stringer's 14,326 clients lived within 15 miles of at least one of the three practice locations, 55 percent or about 7,879 of them lived within 5 miles and 84 percent or about 12,034 of them lived within 10 miles of at least one of these locations.

Considering that the territorial restriction surrounding ■ the three practice locations reached into adjoining counties and another state and considering that an overwhelming majority of Stringer's clients lived much closer than 15 miles from at least one of the practice locations, we hold the territorial restriction to be overbroad; therefore, it is unreasonable and unenforceable. *See Cukjati v. Burkett*, 772 S.W. (2d) 215 (Tex. Ct. App. 1989) (wherein the court invalidated a covenant not to compete ancillary to an employment contract and held a 12-mile radius surrounding a veterinary clinic was unreasonable and unnecessary to protect the employer's interest in his existing clientele because most pet owners traveled only a few miles to reach the employer's animal clinic); *cf. Reyner*, 233 S.C. at 330, 104 S.E. (2d) at 346 (wherein the court struck down a covenant not to compete where the customers of a store "came almost entirely" from a smaller area within the proscribed territory even though all the customers came from the proscribed area).

We do not address Herron's argument that the covenant is invalid *per se* because it involved "professionals." *See Friddle v. Raymond*, 575 So. (2d) 1038 (Ala. 1991) (a covenant not to compete as a veterinarian for three years within six miles of a former partner held unenforceable because veterinarians are

"professionals" and therefore included within a statute prohibiting professionals from entering into covenants not to compete); *see also* 54 Am. Jur. (2d) *Monopolies, Restraints of Trade, and Unfair Trade Practices* § 554, at 987-88 (1971) (discussion of the enforcement of covenants not to practice in the same area against former employees who were professionals). This issue was not ruled on below. *See Rental Uniform Service v. K & M Tool and Die, Inc.*, 292 S.C. 571, 357 S.E. (2d) 722 (Ct. App. 1987) (the court of appeals will not address a question not raised in *and* passed on by the trial court).

Because we hold the covenant not to compete unenforceable, we need not address the issue of whether the liquidated damages specified in the parties' contract constituted a penalty.

Reversed.

GARDNER, J., and LITTLEJOHN, Acting Judge, concur.

