2310

FACES BOUTIQUE, LTD., Appellant v. Deborah Ann GIBBS, Respondent.
(455 S.E (2d) 707)

Court of Appeals

*Otto W. Ferrene, Jr.,* of *Ferrene & Associates,* Hilton Head Island, *for appellant.*

*Mark H. Lund, III,* of *Novit & Scarminach,* Hilton Head Island, *for respondent.*

Submitted Feb. 7, 1995.

Decided Feb. 27, 1995.

HOWELL, Acting Judge:

This appeal concerns the enforceability of a covenant not to compete ancillary to an employment contract between Faces Boutique, Ltd. (Faces) and Deborah Ann Gibbs (Gibbs). Faces instituted this action seeking to enjoin Gibbs from becoming employed at a competing business. The trial court found the covenant totally defective and unenforceable. Faces appeals. We affirm.

Faces is a facial spa, located on Hilton Head Island, which provides skin care and face lifts. Faces and Gibbs entered into a written employment contract on May 19, 1992, under which Gibbs agreed to work as an esthetician, performing "facials."[1] The contract contained the following covenant:

> For a period of three (3) years after the termination of this agreement, the Employee will not, WITHIN THE TOWN OF HILTON HEAD ISLAND, SC, directly or indirectly, own, manage, operate, control, be employed by, participate in, or be connected in any manner with the ownership, management, operation, advertisement or control of any business in direct competition with the type of business conducted by [Faces]. It is understood and agreed that this prohibition applies to FACIALS, SELLING OF COSMETICS, AND ALL COSMETIC APPLICATION OR FACIAL SPA RELATED SERVICES. (Emphasis in original.)

Gibbs became pregnant while employed by Faces and left on maternity leave on March 19, 1993. Gibbs was to return to Faces on or about May 27, 1993. Instead of returning to work at Faces, however, Gibbs went to work for "Tara's," a Hilton Head Island beauty salon, as a manicurist.[2] Because Tara's derives some of its revenue from facials, Faces filed suit against Gibbs to enforce the noncompetition agreement.

Covenants not to compete contained in employment contracts are generally disfavored and will be strictly construed against the employer. *Rental Uniform Serv.*

---

[1] An "esthetician" is defined as "any person who is licensed to practice skin care, make up or similar work. Skin care shall be limited to moisturizing, cleansing, or facial or neck massage for the sole purpose of beautifying the skin" S.C. Code Ann. § 40-13-10(4) (1986).

[2] A manicurist is "any person who is licensed to practice manicuring or pedicuring the nails or similar work." S.C. Code Ann. § 40-13-10(3).

*of Flor-ence, Inc. v. Dudley,* 278 S.C. 674, 301 S.E. (2d) 142 (1983); *Stringer v. Herron,* — S.C. —, 424 S.E. (2d) 547 (Ct. App. 1992). A restriction against competition must be narrowly drawn to protect the legitimate interests of the employer. *Almers v. South Carolina Nat'l Bank,* 265 S.C. 48, 217 S.E. (2d) 135 (1975); *Stringer,* 424 S.E. (2d) 547. A covenant not to compete will be upheld only if it is:

> (1) necessary for the protection of the legitimate interest of the employer;
> (2) reasonably limited in its operation with respect to time and place;
> (3) not unduly harsh and oppressive in curtailing the legitimate efforts of th employee to earn a livelihood;
> (4) reasonable from the standpoint of sound public policy; and
> (5) supported by valuable consideration.

*Stringer,* 424 S.E. (2d) 547, 548 (citing *Dudley,* 278 S.C. 674, 675-76, 301 S.E. (2d) 142, 143); *Collins Music Co. v. Parent,* 288 S.C. 91, 340 S.E. (2d) 794 (Ct. App. 1986). Moreover, each case concerned with the enforceability of covenants not to compete contained in employment contracts must be decided on its own facts. *Stringer,* 424 S.E. (2d) 547. If a covenant not to compete is defective in one of the above referenced areas, the covenant is totally defective and cannot be saved. *See Eastern Business Forms, Inc. v. Kistler,* 258 S.C. 429, 434, 189 S.E. (2d) 22, 24 (1972) (The court "cannot make a new agreement for the parties into as which they did not voluntarily enter. We must uphold the covenant as written or not at all, it must stand or fall integrally."); *Somerset v. Reyner,* 223 S.C. 324, 330, 104 S.E. (2d) 344, 346 (1958) ("[I]f . . . the territorial scope of the restraint is unreasonable . . . no inquiry need be made as to the presence or absence of the other necessary requirements.").

We agree with the trial court the covenant not to compete violates the requirements that a covenant be "necessary for the protection of the legitimate interest of the employer" and "not unduly harsh and oppressive in curtailing the legitimate efforts of the employee to earn a livelihood." Specifically, the trial court found "[t]he covenant seeks to prevent [Gibbs] from being associated in any capacity with

any business which gives facials, sells cosmetics, etc. Such a prohibition goes far beyond the protection of any legitimate business interest [Faces] may be able to articulate. This broad prohibition also prevents [Gibbs] from earning a livelihood through legitimate means." The trial court noted that under the terms of the covenant, Gibbs would be unable to work for any various department stores which sell cosmetics, even if she worked in an area of the store not involved in the sale of cosmetics. The trial court further noted "[b]ecause the restrictive covenant at issue here is so broadly drafted, [Faces] can, and does contend that [Gibbs] is contractually prohibited from holding her present poistion, even though [Gibbs] does not compete with [Faces] in any way."

On appeal, Faces argues the trial court erred in finding the covenant not to compete to be overly broad because the clause "seeks to protect the goodwill and customer list of [Faces] . . . only in reference to a business in direct competition with the 'esthetician' related services of [Faces]." Therefore, Faces asserts the paragraphs themselves are not overly broad or ambiguous. We disagree.

Patricia Owens, the owner of Faces, testified at trial that Gibbs would be in violation of the covenant not to compete if Gibbs became employed at any place of business engaged in the selling of cosmetics or giving facials, even if Gibbs herself did not participate in these activities. Owens also admitted the covenant would have this effect even though, in such a situation, her business would not be threatened. Thus, by Owens's own admission, the terms of the covenant restrict Gibbs's employment opportunities beyond what is necessary for the protection of Owens's legitimate business interests.

Owens further testified she would not attempt to enforce the clause in a manner which would exceed the "spirit" of the agreement. Although Faces does not go so far as to expressly advance this argument on appeal, we note it is not enough for a party to rely on the "spirit" of a noncompete clause. Here, the contract, when read it its entirety, not only restricts Gibbs from becoming employed at an establishment which offers esthetician services, the contract also prevents Gibbs from becoming employed at any establishment which sells cosmetics. The apparent willingness of Faces to accept an interpretation of the covenant which would

render the covenant proper in scope does not aid the invalidity of the covenant as written. *See Kistler,* 258 S.C. 429, 189 S.E. (2d) 22.

For the foregoing reasons, the decision of the trial court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.