THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 G & S
 Supply Co., Inc., Appellants,
 
 
 
 

v.

 
 
 
 
 David Harris
 and James E. Pritchard, Respondents.
 
 
 
 
 

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court
Judge

Unpublished Opinion No.  2009-UP-519
 Submitted November 2,2009  Filed November 19, 2009  

AFFIRMED

 
 
 
 Steven L. Smith, of N. Charleston, for
 Appellant.
 Joseph D. Thompson, III, of Charleston,
 for Respondents.
 
 
 

PER CURIAM:  G & S Supply Co., Inc. (G & S)
 appeals the trial court's grant of David Harris and James E. Pritchard's motion
 for summary judgment.  Specifically, G & S argues summary judgment was
 inappropriate because further factual development regarding the validity of the
 covenants not to compete was necessary and the covenants not to compete could
 not be separated from the breach of the duty of employee loyalty.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  
1.  Rental Uniform Serv. of Florence, Inc. v. Dudley, 278 S.C. 674, 675-76, 301 S.E.2d 142,
 143 (1983) (internal citations omitted) ("Restrictive covenants not
 to compete are generally disfavored and will be strictly construed against the
 employer. . . .  A geographic restriction is generally reasonable if the area
 covered by the restraint is limited to the territory in which the employee was
 able, during the term of his employment, to establish contact with his
 employer's customers."); Oxman v. Sherman, 239 S.C. 218, 225, 122
 S.E.2d 559, 562 (1961) (finding a covenant not to compete with a geographic
 restriction encompassing the entire state of South Carolina was unenforceable
 when the employee only worked in two counties); Faces Boutique, Ltd. v.
 Gibbs, 318 S.C. 39, 42, 455 S.E.2d 707, 709 (Ct. App. 1995) ("If a
 covenant not to compete is defective in one of [the factors], the covenant is
 totally defective and cannot be saved.").
2.  Aiken v. World Fin.
 Corp., 373 S.C. 144, 148, 644 S.E.2d 705, 708 (2007) (holding in order for
 an issue to be preserved for appellate review, it must have been raised to and
 ruled upon by the trial court).
AFFIRMED.
HEARN, C.J.,
 HUFF and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.