694 S.E.2d 15

**POYNTER INVESTMENTS, INC., Donald J. Poynter,
and Sharon K. Poynter, Respondents,**

v.

**CENTURY BUILDERS OF PIEDMONT, INC.,
and Clyde W. Rector, Appellants.**

No. 26821.

Supreme Court of South Carolina.

Heard April 21, 2010.

Decided May 24, 2010.

584

D. Randle Moody, II and Joseph O. Smith, both of Roe, Cassidy, Coates & Price, of Greenville, for Appellants.

Cecil H. Nelson, Jr. and J. Nathan Galbreath, both of Nelson, Galbreath Law Firm, of Greenville, for Respondents.

Justice PLEICONES.

This is an appeal from an order granting a preliminary injunction to enforce a non-competition agreement, but modifying the territorial restriction in that agreement. Appellants contend the trial court did not properly balance the equities in deciding to grant the injunction. We hold that a balancing of equities is not a separate component in the preliminary injunction analysis. Appellants also contend the trial court erred in "blue penciling" the contract by replacing the unreasonable territorial restriction in the agreement with one of its own. We agree, and reverse.

## FACTS

Appellant Rector sold his business to respondent Poynter Investments (Poynter) in 2007. On the same day, the parties entered an "Employment and Non–Competition Agreement," supported by separate consideration, by which Poynter agreed to employ Rector for one year, and Rector agreed to a four year non-competition clause which included this territorial restriction:

1. *Definitions.* In addition to other terms defined elsewhere in this Agreement, unless the context shall expressly or by necessary implication indicate to the contrary, as used herein, the following terms shall have the following meanings:

   (a) *"Business"* is as defined hereinabove.

   (b) *"Restricted Territory"* means:

   (i) An area encompassing seventy-five (75) miles in any direction from the Premises.

   (ii) In the event the preceding subparagraph (i) shall be determined by judicial action to be unenforceable, the "Restricted Territory" shall be Greenville County,

South Carolina and any county that borders Greenville County, South Carolina.

(iii) In the event the preceding subparagraph (ii) shall be determined by judicial action to be unenforceable, the "Restricted Territory" shall be Greenville County, South Carolina.

In 2008, Poynter sued appellants alleging they had breached the terms of the sales agreement as well as the non-competition agreement, and sought to enforce that agreement during the pendency of the litigation. The trial judge found Poynter would suffer irreparable harm unless the agreement were enforced, but, without further explanation, ordered:

the [appellants], including any entity associated with [appellants], to be enjoined and restrained from violating the terms of the non-compete covenant within Greenville County, South Carolina and within an area encompassing fifteen miles in any direction from [the Premises].

Appellants moved to have the court reconsider this order, but that request was denied. This appeal follows.

## ISSUES

1) Did the trial judge err in refusing to balance the equities after determining Poynter was entitled to a preliminary injunction?

2) Did the trial judge err in rewriting the territorial limitation in the non-compete clause?

## ANALYSIS

1. *Balancing the Equities*

■■ Appellants contend the trial judge committed reversible error when he refused to balance the equities before enforcing the non-compete agreement. We clarify that there is no separate requirement that a judge perform such a balancing before deciding to issue a preliminary injunction.

■ A preliminary injunction should issue only if necessary to preserve the status quo ante, and only upon a showing by the moving party that without such relief it will suffer irreparable harm, that it has a likelihood of success on the merits,

and that there is no adequate remedy at law. *E.g., AJG Holdings, LLC v. Dunn,* 382 S.C. 43, 674 S.E.2d 505 (Ct.App. 2009) (internal citation omitted). An additional requirement, that after a finding that the moving party had shown these three elements the trial court then balance the equities, was added by the Court of Appeals in *County of Richland v. Simpkins,* 348 S.C. 664, 560 S.E.2d 902(Ct.App.2002). This additional requirement appears in at least three other preliminary injunction decisions issued by the Court of Appeals between *Simpkins* and *AJG Holdings: MailSource, LLC v. M.A. Bailey & Assoc.,* 356 S.C. 363, 588 S.E.2d 635 (Ct.App. 2003); *Levine v. Spartanburg Reg. Serv. Dist., Inc.,* 367 S.C. 458, 626 S.E.2d 38 (Ct.App.2005); and *Peek v. Spartanburg Reg. Healthcare Sys.,* 367 S.C. 450, 626 S.E.2d 34 (Ct.App. 2005).

The authority cited for the balancing requirement is *Foreman v. Foreman,* 280 S.C. 461, 313 S.E.2d 312 (Ct.App.1984). *Foreman,* however, did not involve a request for injunctive relief, but was instead an equitable division case. In our view, the "balancing the equities" requirement is neither necessary nor appropriate in a preliminary injunction case, where the three requirements (irreparable harm, success on merits, and inadequate remedy at law) are well established and clearly delineate the burden of proof and of persuasion. Moreover, the balancing requirement is subsumed by the irreparable harm and inadequate remedy at law components of the three-part test.

We therefore modify these five Court of Appeals decisions to the extent they include a separate "balancing the equities" requirement. The trial judge here did not err in declining to perform this extra task.

### 2. *Geographical Restitution*

■ Appellants contend the trial judge exceeded his authority in rewriting or "blue-penciling" the territorial restriction. We agree.

Neither this Court, nor the Court of Appeals, has directly addressed the authority of a court to decrease the geographical limitations in an overly broad non-compete agreement. However, this Court has held that it would violate public

policy to allow a court to insert a geographical limitation where none existed. *See Stonhard, Inc. v. Carolina Flooring Spec., Inc.,* 366 S.C. 156, 621 S.E.2d 352 (2005). *Stonhard* held that such a reformation would be void, as it would add a term to the contract that the parties neither negotiated nor agreed to. *Id.* The Court of Appeals has held that it would be impermissible to extend the non-compete period contained in the agreement as a remedy for its breach, since such an extension "would essentially rewrite the parties' contract, a service the courts of South Carolina do not perform." *Mail-Source, LLC,* 356 S.C. at 369, 588 S.E.2d at 639 (Ct.App.2003).

Finally, in *Faces Boutique, Ltd. v. Gibbs,* 318 S.C. 39, 455 S.E.2d 707 (Ct.App.1995), the Court of Appeals upheld the trial court's finding that a non-compete agreement was overbroad in that it purported to prevent the defendant, an esthetician, from being associated in any capacity with a business that competed with the original business. The original business brought suit to enforce the covenant when the defendant went to work for a competitor as a manicurist. On appeal, the court noted that at trial the original business had agreed to limit the agreement to its "spirit" rather than its literal terms, but held that a party could not convert an overbroad clause into an enforceable one by agreeing to an interpretation that artificially limited the actual terms used in the contract.

■ These cases stand for the proposition that, in South Carolina, the restrictions in a non-compete clause cannot be rewritten by a court or limited by the parties' agreement, but must stand or fall on their own terms. We hold, therefore, that the trial judge erred in rewriting the territorial restriction in the parties' contract.

## CONCLUSION

■ We reverse the order which purports to enforce a non-competition agreement on terms other than those agreed upon by the parties. We also note that the parties appear to be laboring under the misconception that the appeal of this preliminary injunction prevented the circuit court from proceeding with the merits of the case. An order granting a preliminary injunction is immediately appealable under

S.C.Code Ann. § 14–3–330(4) (Supp.2009). Section 14–3–450 (1976) explicitly provides where an appeal is permitted by § 14–3–330(4), "the proceedings in other respects in the court below shall not be stayed during the pendency of the appeal unless otherwise ordered by the court below." Accordingly, unless ordered by the trial court, an appeal from a preliminary injunction order does not prevent the case moving forward on the merits.

**REVERSED.**

TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.