**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Dr. Gregory A. May, Respondent,

v.

Advanced Cardiology Consultants, P.C.; Dr. Lew A.
Rowe; and Theresa Rowe; Appellants.

Appellate Case No. 2019-002114

———————

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-213
Submitted March 1, 2022 – Filed May 18, 2022

———————

**AFFIRMED**

———————

Allan R. Holmes, Sr., and Rebecca Jane Wolfe, both of
Gibbs & Holmes, of Charleston, for Appellants.

Mark W. Buyck, III, of Willcox Buyck & Williams, PA,
of Florence, for Respondent.

———————

**PER CURIAM:** Advanced Cardiology Consultants, P.C., Dr. Lew A. Rowe, and
Theresa Rowe appeal the grant of summary judgment to Dr. Gregory May, arguing
the circuit court erred in holding a restrictive covenant (the Covenant) contained in

the employment contract between Advanced Cardiology and Dr. May was not enforceable. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Baugh v. Columbia Heart Clinic, P.A.*, 402 S.C. 1, 12, 738 S.E.2d 480, 486 (Ct. App. 2013) (stating "the interpretation of an unambiguous contract is a question of law, as is the question of whether a non-competition clause is reasonable" and applying de novo review); *Milliken & Co. v. Morin*, 399 S.C. 23, 36, 731 S.E.2d 288, 295 (2012) (stating that when a contract is unambiguous, the appellate court must apply the contract's plain language); *Baugh*, 402 S.C. at 12, 738 S.E.2d at 486 ("[R]estrictions on competition 'are generally disfavored and will be strictly construed against the employer.'" (quoting *Rental Unif. Serv. of Florence, Inc. v. Dudley*, 278 S.C. 674, 675, 301 S.E.2d 142, 143 (1983))); *Faces Boutique, Ltd. v. Gibbs*, 318 S.C. 39, 42, 455 S.E.2d 707, 708 (Ct. App. 1995) ("A restriction against competition must be narrowly drawn to protect the legitimate interests of the employer."); *Baugh*, 402 S.C. at 12, 738 S.E.2d at 486 (stating that in order to be enforceable, a restriction on competition must be "(1) supported by valuable consideration; (2) necessary to protect the employer in some legitimate interest; (3) not unduly harsh and oppressive in curtailing the employee's legitimate efforts to earn a livelihood; and (4) otherwise reasonable from the standpoint of sound public policy"); *Faces Boutique*, 318 S.C. at 42, 455 S.E.2d at 709 ("If a covenant not to compete is defective in one of the above referenced areas, the covenant is totally defective and cannot be saved."); *Poynter Invs., Inc. v. Century Builders of Piedmont, Inc.*, 387 S.C. 583, 588, 694 S.E.2d 15, 18 (2010) ("[T]he restrictions in a non-compete clause cannot be rewritten by a court or limited by the parties' agreement, but must stand or fall on their own terms."). We hold the Covenant was unenforceable because by its plain language, it restrained Dr. May from having any position with a business entity, including a hospital, engaged in the practice of cardiology; such a restriction was not necessary to protect Advanced Cardiology's interests and was unduly harsh and oppressive in curtailing the legitimate efforts of Dr. May to earn a livelihood.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.