19691

A. L. POWELL, Appellant, v. IMMANUEL BAPTIST CHURCH
et al., Respondents

(199 S. E. (2d) 60)

*E. N. Zeigler, Esq.,* of Florence, *for Appellant,* cites:

*Messrs. Yarborough, Parrott & Anderson,* of Florence, *for Respondents,* cite:

September 6, 1973.

*Per Curiam:*

This is an appeal from an order of The Civil and Criminal Court of Florence refusing to enjoin the defendants *pendente lite* from continuing to construct a retaining wall on the property of the defendant Immanuel Baptist Church in the City of Florence, which is adjacent to the property of plaintiff. The church in constructing improvements has excavated its property near the boundary of plaintiff's property, which is on an upward slope. The retaining wall is being constructed seven feet from the boundary as part of a plan to restore the lateral support to plaintiff's property which has been disturbed by the excavation. In part, the plan contem-

plates a heavily planted, seven foot buffer zone or barrier between the retaining wall and plaintiff's property.

The complaint, by the first of three causes of action, on which alone the temporary injunction was sought, alleges that the church has wrongfully removed the lateral support to which plaintiff's land is entitled, and that, in specified particulars, the wall which is being constructed will be inadequate to restore it; as a result of which plaintiff's property will suffer from constant erosion. It is then alleged that plaintiff, being without an adequate remedy at law, is entitled to a temporary injunction restraining the defendants from constructing the inadequate wall and to a mandatory injunction requiring the church to restore to plaintiff's land the lateral support which it had prior to the excavation.

After hearing conflicting testimony as to the adequacy of the wall under construction to serve its intended purpose, the county judge dissolved the temporary restraining order theretofore granted and refused to issue a temporary injunction.

Whether temporary injunctive relief shall be granted under Section 10-2055, Code of 1962, rests in the sound discretion of the judge to whom the application is addressed. *Transcontinental Gas Pipe Line Corp. v. Porter,* 252 S. C. 478, 167 S. E. (2d) 313 (1969). We find no abuse of discretion and are convinced that the correct result was reached.

It is implicit in the language of the statute, and the authorities agree, that the sole purpose of a temporary injunction is to preserve the status quo, and thus avoid possible irreparable injury to plaintiff, pending the litigation. 42 Am. Jur. (2d), Injunctions, Sec. 13 (1969); County Council of *Charleston v. Felkel,* 244 S. C. 480, 137 S. E. (2d) 577 (1964). Here, according to the complaint, the excavation was made, thus depriving plaintiff's property of lateral support, prior to the commencement of the action.

If plaintiff prevails on the merits, again according to the complaint, a mandatory injunction requiring restoration of lateral support will be the appropriate remedy. To temporarily enjoin the construction of the retaining wall on the church's property would have no tendency to protect plaintiff's property from feared erosion during the pendency of the action. That the church may be subjected to added expense if it is required to reconstruct the wall after judgment on the merits is not ground for granting a temporary injunction.