### 21568

UNIVERSAL LIFE CHURCH, INC. a/n/a Church of Religious Freedom, Respondent, v. The CITY OF NORTH CHARLESTON, M. Victor Revelise, and John E. Bourne, Jr., Pete B. Adams, Robert A. Ankersen, Sr., James V. Edwards, Oatman C. Gerald, Patsy W. Hughes, and R. E. Zipperer, as members of the City Council of the City of North Charleston, Appellants.

(282 S. E. (2d) 607)

*James E. Gonzales,* North Charleston, *for appellants.*

*Arnold S. Goodstein* and *John Jay Philips, Jr.,* Charleston, for respondent.

September 21, 1981.

HARWELL, Justice:

The City of North Charleston and its city council members appeal the order of the circuit judge which temporarily restrains the City from applying its lottery prohibition ordinance

to the Universal Life Church, Inc. This Court has jurisdiction to hear this matter pursuant to Section 14-3-330(4), Code of Laws of South Carolina (1976). Having done so, we reverse the circuit judge.

Lotteries are generally prohibited in this State. Sections 16-19-10, *et seq.*, of the Code. However, in 1975, Article XVII, Section 7 of the South Carolina Constitution was amended as follows to allow the game of bingo under certain conditions:

"No lottery shall ever be allowed or advertised by newspapers, or otherwise, or its tickets be sold in this State. The game of bingo, when conducted by charitable, religious or fraternal organizations exempt from Federal income taxation or when conducted at recognized annual State and County fairs, shall not be deemed a lottery prohibited by this section."

To fall within the exemption, not only must the game be conducted in the proper manner, *Bingo Bank, Inc. v. Strom,* 268 S. C. 498, 234 S. E. (2d) 881 (1977), but the organization or fair must maintain the proper status as well.

In the case at bar, the Universal Life Church, Inc. was granted temporary injunctive relief from the enforcement against it of the City of North Charleston antigaming ordinance 12-8. Various witnesses for the respondent attested to the respondent's status as a church.

. We do not find respondent's evidence sufficient under the circumstances. Article XVII, Section 7 requires that the organization must be exempt from federal income taxation. An assertion by an organization's witness that it is tax-exempt *is* not enough; an official federal acknowledgment of that status is required. In this case, the City's witness, an employee of the Internal Revenue Service with expertise in charitable tax exemption matters, denied that the respondent enjoys a tax-exempt status. The tax-exempt letter introduced at trial, purporting to apply to respondent, in fact is only an individual exemption granted to the Modesto, California Universal Life Church. Accord, *United States v. Toy National Bank,* 43 AFTR (2d) 79-954 (D. Ia. 1979). Nothing in the record before us indicates that the Universal Life Church, Inc. has been granted a group tax-exemption which would be applicable to the re-

spondent. In addition, there is no evidence that the respondent itself has been issued an individual exemption letter from the Internal Revenue Service.[1]

We conclude that the circuit judge had no basis to grant the injunctive relief in this case since respondent introduced no evidence of substance which would demonstrate its Article XVII, Section 7 exemption status.

Reversed.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

Believing the majority opinion improperly addresses the merits of the case in this appeal, I dissent.

The sole issue here is whether the trial judge abused his discretion in issuing the temporary restraining order; *not* whether the church qualifies as a religious organization.

A temporary injunction is properly issued "to preserve the status quo, and thus avoid possible irreparable injury to plaintiff, *pending the litigation.*" (Emphasis supplied). *Powell v. Immanuel Baptist Church, et al.,* 261 S. C. 219, 221, 199 S. E. (2d) 60 (1973). Here, Universal Church made a prima facie showing that it qualifies to operate bingo games under our decision in *Bingo Bank, Inc. v. Strom,* 268 S. C. 498, 234 S. E. (2d) 881 (1977).

The question of whether or not the church qualifies as a religious organization with tax exempt status is one for determination after a *full hearing on the merits.* I do not believe it is proper for the Court to address the merits in determining the appropriateness of issuing a temporary injunction.

[1] We note that this matter was heard and decided below in 1979 but that subsequently the General Assembly has enacted bingo enabling legislation, Act No. 496 of 1980, codified at Sections 52-17-10 *et seq.,* Code of Laws of South Carolina (1976). The State now requires the religious, charitable or fraternal organization to obtain a certificate from the Secretary of State; acquisition of the certificate is contingent upon an exemption statement from the Internal Revenue Service. Section 52-17-20(1) (a) of the Code.

The order of the trial judge states "[t]his is a temporary finding in effect until any further hearing is conducted." It is abundantly clear from reading the full record and particularly the testimony of the Internal Revenue employee cited by the majority opinion, that none of the evidence was conclusive as to the merits.

There is insufficient evidence in this record to support any final determination of the merits.

I find no abuse of discretion by the trial judge in issuing this temporary restraining order and would affirm.

Affirmed.