### 23557

Charles F. HELSEL, Judine B. Helsel, and Helsel Realty Company, Inc., Respondents v. CITY OF NORTH MYRTLE BEACH, Appellant.

(413 S.E. (2d) 824)

Supreme Court

*Louis M. Cook,* North Myrtle Beach, and *Roy D. Bates,* Columbia, *for appellant.*

*Howell V. Bellamy, Jr.* and *Preston B. Haines, III* of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., Myrtle Beach, *for respondents.*

Heard Nov. 21, 1991.

Decided Jan. 13, 1992.

HARWELL, Justice:

The question presented is whether the trial judge erred in holding he was bound by findings contained in an order granting a temporary injunction. We hold he did err, and, accordingly, reverse and remand for trial.

## I. FACTS

Respondents Charles F. Helsel, Judine B. Helsel, and Helsel Realty Company, Inc. (the Helsels) own beachfront property in North Myrtle Beach. Their property was protected by a vertical seawall erected on the beach approximately fifteen feet beyond their property line. After the seawall was destroyed in September 1989 by Hurricane Hugo, the Helsels received permission from the South Carolina Coastal Council (Coastal Council) to replace the seawall with a sloping erosion control device. They then applied for a building permit from appellant City of North Myrtle Beach (the City). The City refused to review the Helsels' building permit application until the Helsels obtained the signature of the property owner on whose land they desired to construct the erosion control device. At the time the City refused the Helsels' building permit application, the parties believed the original seawall had stood on state property.

High tides threatened South Carolina beaches in November 1989. Faced with additional damage to their unprotected property, the Helsels sought a declaratory judgment affirming that, because they had received permission from Coastal Council, the City's sole jurisdiction was to ensure that the Helsels complied with the Southern Building Code, and not to regulate construction of the erosion control device. The Helsels also sought a temporary injunction enjoining the City from interfering with construction of the erosion control device.

A hearing for a temporary injunction was held eleven days later, before the City answered the Helsels' complaint. The hearing judge specifically noted that he had no jurisdiction to make a final adjudication on the merits. For purposes of injunctive relief, the hearing judge found that the dispute centered around the City's requirement that the Helsels provide the signature of the owner of the property on which they wished to build. The Helsels claimed that, because Coastal

Council is an agent of the state, Coastal Council's granting permission to erect the new erosion control device at the site of the old seawall was tantamount to supplying the signature of the State as owner of the property. The hearing judge agreed and temporarily restrained the City from interfering with the Helsels' construction of the erosion control device at the site of the old seawall.

In July 1990, the Helsels moved for summary judgment pursuant to Rule 56, SCRCP, asserting that the pleadings, documents, and temporary injunction order reflected that the only basis for the City's denial of the building permit was that the Helsels did not own the property on which they built the erosion control device. The Helsels claimed they had acquired title to the land on which the original seawall had stood by virtue of a quitclaim deed given by the estate of the owner who had subdivided and developed the tract of land of which both the Helsels' property and the site of the old seawall had been a part.[1] The Helsels contended that the quitclaim deed removed any obstacle to the City's issuing a building permit, and, therefore, there being no genuine issue of material fact, they were entitled to judgment as a matter of law.

The trial judge found that the order for temporary injunctive relief had narrowed the dispute to the sole issue of whether the Helsels had needed to obtain the signature of the owner of the property on which they desired to build the erosion control device before the City would issue a building permit. The trial judge refused to hear arguments from the City[2] on any other issue because he was "constrained by the previous [temporary injunction] order . . . which specifically found that the only objection raised was that relating to the signature of the property owner." The trial judge found the quitclaim deed sufficient to confer ownership and granted the Helsels' motion for summary judgment.

---

[1] In other words, contrary to their prior assertion, the Helsels claim that the beach abutting their property is private, not public, property.

[2] The City attempted to argue that it requires signatures of property owners whose lands are to be utilized by others for construction as a prerequisite to reviewing applications for building permits. The City asserts it does not approve applications for building permits unless applicants also comply with all other building code requirements. The City contends that it possesses regulatory jurisdiction pursuant to the Beachfront Management Act, S.C.Code Ann. § 48-39-250, *et seq.* (Supp. 1990), not just supervisory authority as alleged by the Helsels.

## II. DISCUSSION

Appellants assert, and we agree, that the trial judge erred in concluding he was bound by the findings of the hearing judge who issued the temporary injunction. The sole purpose of a temporary injunction is to avoid irreparable injury to a plaintiff pending final adjudication of a case. *Powell v. Immanuel Baptist Church*, 261 S.C. 219, 221, 199 S.E. (2d) 60, 61 (1973). When a court is requested to issue a temporary injunction it may consider the merits of a case to the extent necessary to determine whether a temporary injunction is appropriate. *Roberts v. Union County Board of School Trustees*, 284 S.C. 299, 301, 326 S.E. (2d) 163, 164 (Ct. App. 1985). Once a prima facie showing has been made entitling the plaintiff to injunctive relief, a temporary injunction will be granted without regard to the ultimate termination of the case on the merits. *Columbia Broadcasting System, Inc. v. Custom Recording Co., Inc.*, 258 S.C. 465, 471-72, 189 S.E. (2d) 305, 308 (1972). A temporary injunction is made without prejudice to the rights of either party pending a hearing on the merits, and when other issues are brought to trial, they are determined without reference to the temporary injunction. *Alston v. Limehouse*, 60 S.C. 559, 569, 39 S.E. 188, 191 (1901).

The hearing judge who granted injunctive relief to the Helsels concluded, and their counsel agreed, that the Helsels sought a temporary injunction solely to construct the erosion control device without a city permit pending a final adjudication on the merits. The hearing judge cautioned the Helsels that they proceeded with construction at their own risk, and could be subject to removing the erosion control device if they did not prevail at trial. Indeed, it would have been improper for the hearing judge who issued the temporary injunction to make a finding upon the facts in such a manner as to affect the merits of the case. *See Alston*, 60 S.C. at 568, 39 S.E. at 191. Nevertheless, the trial judge limited the litigation to the threshold issue concerning the property owner's signature. The City never has been afforded the opportunity to assert any defenses to the Helsels' complaint. We hold that the trial judge erred in concluding he was bound by

the findings of the hearing judge who issued the temporary injunction.

Accordingly, the order of the trial judge granting summary judgment is reversed, and the case remanded for trial. Because we reverse and remand, we need not address the City's exceptions assigning error to the issuance of the temporary injunction.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.