646 S.E.2d 882

**The ATWOOD AGENCY, d/b/a Atwood Vacations and d/b/a RE/MAX Lowcountry Realty, Respondent,**

**v.**

**John T. BLACK, Jr., David Lybrand, Elaine Shaw, and Edisto Sales and Rental Realty, Inc., Appellants.**

**No. 26348.**

Supreme Court of South Carolina.

Heard March 6, 2007.

Decided June 25, 2007.

Rehearing Denied July 26, 2007.

M. Dawes Cooke, Jr., and John A. Jones, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for appellants.

Lawrence E. Richter, Jr., and David K. Haller, both of Richter & Haller, LLC, of Mt. Pleasant, for respondent.

Justice MOORE:

■ This appeal is from a temporary injunction[1] issued in an action brought by respondent Atwood Agency (Atwood) alleging that appellant Elaine Shaw misappropriated trade secrets when she left its employ. We reverse.

## FACTS

Atwood is a vacation rental business on Edisto Island that matches homeowners (rental property owners) with renters (those seeking vacation accommodations). Shaw worked for Atwood as a property manager from 1990 until August 26,

---

[1]. An order granting a temporary injunction is directly appealable. *Curtis v. State,* 345 S.C. 557, 549 S.E.2d 591 (2001).

2005, when she left and began work for another vacation rental agency, Edisto Sales and Rental Realty, Inc. (Edisto Sales). Shaw's job as a property manager involved overseeing the rental of vacation homes in Edisto Beach, including contact with both renters and rental property homeowners.

After Shaw left its employ, Atwood commenced the underlying action alleging Shaw had misappropriated its homeowners list and its renters list and was using them to take business from Atwood to Edisto Sales. Atwood claimed it had lost more than fifty rental homes causing damages amounting to "hundreds of thousands of dollars" in revenue. It alleged, among other causes of action, a violation of the South Carolina Trade Secrets Act, S.C.Code Ann. § 39–8–10 *et seq.*

On December 1, 2005, the circuit court issued an ex parte temporary restraining order based on the affidavit of Mark Steedley, Atwood's president, restraining Shaw and the other appellants employed at Edisto Sales from "contacting and contracting with" any vacation renter or homeowner of Atwood's. Bond was set at $250. After a hearing, the circuit court issued an order granting Atwood's motion for a temporary injunction. The court found Atwood's renter list and homeowners list were trade secrets and reiterated the terms of the temporary restraining order. The circuit court refused to grant a supersedeas pending appeal.

## ISSUE

1. Does the information regarding homeowners and renters qualify as a trade secret?
2. Is the amount of bond insufficient?

## DISCUSSION

### 1. *Temporary injunction*

■ Appellants contend the circuit court erred in finding Shaw misappropriated trade secrets. They claim the information regarding renters and homeowners is not "secret" because it is available from other sources. We agree.

The South Carolina Trade Secrets Act authorizes an injunction against misappropriating a trade secret. S.C.Code Ann.

§ 39–8–30(C) (Supp.2006). A "trade secret" is defined as information, including a compilation, that:

(i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by the public or any other person who can obtain economic value from its disclosure or use, and

(ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

S.C.Code Ann. § 39–8–20(5) (Supp.2006).

 Temporary injunctive relief rests within the sound discretion of the trial judge and will not be overturned unless the order is clearly erroneous. *Gilley v. Gilley,* 327 S.C. 8, 488 S.E.2d 310 (1997); *Transcontinental Gas Pipe Line Corp. v. Porter,* 252 S.C. 478, 167 S.E.2d 313 (1969). The facts alleged must be sufficient to support a temporary injunction and the injunction must be reasonably necessary to protect the rights of the moving party. *Transcontinental, supra.* The merits of the underlying case are to be considered only to the extent necessary to determine whether there has been a prima facie showing to support a temporary injunction. *Curtis v. State,* 345 S.C. 557, 549 S.E.2d 591 (2001).

Here, the information that is the subject of the temporary injunction is readily ascertainable from other sources and therefore does not qualify for protection under § 39–8–20(5). It is undisputed that a list of all the homeowners in Edisto Beach and their contact information is a matter of public record available at Town Hall. The record also indicates the names of renters were available to Shaw through other proper means. According to Shaw, she was contacted directly by Atwood renters after Atwood sent out an announcement of her departure. In addition, although by contract Atwood attempted to restrict homeowners' personal contact with renters, there is evidence that homeowners sometimes knew their renters or kept a guestbook where renters provided personal contact information.

Because the information Atwood seeks to protect is available through other proper means, it is not protected as a trade secret. Accordingly, we find the temporary injunction re-

straining appellants from contacting or contracting with Atwood clients clearly erroneous.

## 2. Security Bond

■ The circuit court ordered a security bond in the amount of $250 reasoning that "since [appellants] have no right to the Atwood trade secrets, the damage which may be sustained by them as a result of this injunction is minimal." Appellants contend this amount of bond is inadequate. We agree.

Rule 65(c), SCRCP, provides that:

no restraining order or temporary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

The circuit court's order requiring only a nominal security bond does not satisfy Rule 65(c) because it erroneously assumes the injunction is proper instead of providing an amount sufficient to protect appellants in the event the injunction is ultimately deemed improper. In light of our finding that appellants were improperly enjoined, we remand to the circuit court to award the appropriate amount of costs and damages incurred as a result of the temporary injunction.

**REVERSED.**

TOAL, C.J., and Acting Justice EDWARD B. COTTINGHAM, concur. PLEICONES, J., concurring in part in a separate opinion in which BURNETT, J., concurs.

Justice PLEICONES, concurring in part:

I concur in the majority's ruling that Atwood's homeowners list is not a trade secret as defined by the South Carolina Trade Secrets Act, S.C.Code Ann. § 39–8–10 et seq ("Act"). Accordingly, I agree that the circuit court improperly enjoined Shaw and other appellants employed at Edisto Sales from "contacting and contracting" with any Edisto Island homeowner on Atwood's client list.

However, based upon the record before us, I cannot join the majority's holding that Atwood's renters list does not qualify as a trade secret. I would thus affirm the temporary injunction in regards to Atwood's renters list and allow Atwood's cause of action based on a violation of the Act to proceed to trial.

A vacation rental agency derives independent economic value from protecting the identity of its renters because the agency's renters list is not "readily ascertainable by proper means" by any other competing rental agency. *See* S.C.Code Ann. § 39–8–20(5)(i) (Supp.2006). Atwood understandably attempts to prevent disclosure of its renters list in order to maintain clients, as repeat business is vital to its success.

The majority reasons that Atwood's renters list is not a trade secret because some of Atwood's renters contacted Shaw and because some renters provided personal contact information in guestbooks or directly to homeowners. While these facts may be relevant to Shaw's defense to Atwood's claim that Shaw misappropriated [2] the renters list, i.e. received the identity of renters by improper means, they do not determine whether the renters list, taken as a whole, qualifies as a trade secret. Regardless, simply because some renters chose to contact Shaw or because the occasional renter left his contact

---

2. Misappropriation of a trade secret is specifically defined in S.C.Code Ann. § 39–8–20(2) as:

 (a) acquisition of a trade secret of another by a person by improper means;
 (b) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
 (c) disclosure or use of a trade secret of another without express or implied consent by a person who:
 (i) used improper means to acquire knowledge of the trade secret; or
 (ii) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:
 (A) derived from or through a person who had utilized improper means to acquire it;
 (B) acquired by mistake or under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
 (C) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
 (iii) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

information does not make Atwood's entire renters list "readily ascertainable."

Accordingly, I concur with the majority that Atwood's homeowners list is not a trade secret as defined under the Act. I also agree with the majority's holding that the security bond ordered in this case was inadequate to satisfy Rule 65(c), SCRCP, and the case should be remanded to the circuit court for a determination of the proper amount of the security bond. However, as to its renters list, Atwood has met the necessary criteria for a temporary injunction,[3] and I would allow Atwood's claim under the Act to continue to trial.

BURNETT, J., concurs.

---

3. To obtain a preliminary injunction, a party must demonstrate irreparable harm, a likelihood of success on the merits, and an inadequate remedy at law. *Scratch Golf Co. v. Dunes West Residential Golf Properties, Inc.*, 361 S.C. 117, 603 S.E.2d 905 (2004).