THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Patricia
 Johnson, as Guardian Ad Litem for Child, a minor, Respondent,
 v.
 Spartanburg County School District 7, Appellant.
 
 
 

Appeal From Spartanburg County
 Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2008-UP-600
 Heard October 21, 2008  Filed October 27,
2008

AFFIRMED IN PART, REVERSED IN PART, AND
REMANDED

 
 
 
 Kenneth E. Darr, Jr., and Carlos C. Johnson, both of Spartanburg, for Appellant.  
 Gary W. Poliakoff, of  Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Spartanburg County School District 7 (the School District) appeals the circuit courts grant of Patricia Johnsons motion for a
 temporary injunction and the relief sought in her equitable bill of discovery. 
 We affirm the circuit courts order granting the temporary injunction, reverse
 the circuit courts order granting the relief requested in Johnsons equitable
 bill of discovery, and remand the matter for a full hearing on the merits.        
FACTS
Johnson
 is the guardian ad litem for Child,[1] a minor who was allegedly the victim of a sexual assault on a school bus in
 September 2006.  On April 16, 2007, Johnson filed a summons and complaint
 seeking an equitable bill of discovery and a temporary injunction.  Johnson
 asked the circuit court to order the School District to maintain, preserve, and
 produce certain items and information relating to the incident and to refrain
 from moving, removing, or modifying any such items and information.  Johnson
 contended the School District had conducted an investigation, including taking
 witness statements and gathering other information, following the incident. 
 Johnson, therefore, wanted any information or evidence the School District had
 gathered to be preserved so she could determine whether any potential civil
 causes of action existed, identify all potential defendants, and potentially
 proceed with any civil matters related to the incident.  The summons stated the
 School District had thirty days to file its answer.  
On
 April 19, 2007, the circuit court issued an Order and Rule to Show Cause, directing
 the School District to appear on May 9, 2007, and show cause as to why the
 relief requested should not be granted.  The circuit court stated:    

 [I]t
 would be prudent and proper to [o]rder [the School District] to maintain the
 evidence referenced in [Johnsons] [c]omplaint ([f]or [e]quitable [b]ill [of]
 [d]iscovery), in a safe place and to refrain and restrain from moving it,
 removing it and/or making any modifications to this evidence, along with any
 other items or materials that might potentially be considered as evidence in
 any possible civil litigation, until the hearing in this matter . . . .

The
 School District appeared at the hearing but argued the circuit court lacked
 personal jurisdiction to rule in the matter because the thirty days in which
 the School District could respond to either the summons and complaint or the
 Rule to Show Cause had yet to expire.  The circuit court disagreed with the School Districts argument and proceeded with the hearing.[2]    
At
 the close of the hearing, the circuit court stated it would allow Johnson to
 proceed with discovery.  The circuit court finalized this decision by order on
 July 17, 2007.  This order specified the discovery Johnson could move
 forward with and granted Johnsons request for an injunction.  Specifically,
 the circuit court ordered the School District to preserve and maintain the
 evidence referenced in Johnsons complaint for equitable bill of discovery,
 along with any other items or materials that might be potentially considered as
 evidence in the possible civil litigation.  The circuit court acknowledged
 Johnson was requesting evidence before any suit had been filed and that Johnson
 was not asking the circuit court to bind any defendant to any judgment.  The
 circuit court concluded the South Carolina Rules of Civil Procedure and
 relevant case law provided for reasonable pre-suit discovery and for
 preservation of evidence.  The circuit court noted, if a party were to sue
 without grounds, that party could face court-imposed penalties as well as
 liability for a groundless action.         
On
 July 20, 2007, the School District filed a Motion to Reconsider and Amend,
 which the circuit court denied.  This appeal follows.     
STANDARD OF REVIEW
Actions
 for injunctive relief are equitable in nature.  Shaw v. Coleman, 373
 S.C. 485, 492, 645 S.E.2d 252, 256 (Ct. App. 2007).  When reviewing actions in
 equity, this Court may correct errors of law and may find facts in accordance
 with its own view of the preponderance of the evidence.  Blackmon v. Weaver,
 366 S.C. 245, 249, 621 S.E.2d 42, 44 (Ct. App. 2005).    
LAW/ANALYSIS
The School District argues the circuit court erroneously granted Johnsons request for a
 temporary injunction because she failed to demonstrate two of the requirements
 for a temporary injunction: (1) the likelihood of success on the merits and (2)
 an inadequate remedy at law.  We disagree.          
The
 granting of a temporary injunction rests in the discretion of the trial court.  Powell v. Immanuel Baptist Church, 261 S.C. 219, 221, 199 S.E.2d 60, 61
 (1973).  The sole purpose for granting a temporary injunction is to preserve
 status quo in order to avoid possible irreparable injury to a party.  Id.  To establish a cause of action for a temporary injunction, a party must
 demonstrate (1) irreparable harm will be suffered if the injunction is not
 granted, (2) success on the merits is likely, and (3) the remedy at law is
 inadequate.  Peek v. Spartanburg Regl Healthcare Sys., 367 S.C. 450,
 454-55, 626 S.E.2d 34, 36 (Ct. App. 2005).  
At
 the hearing, Johnson argued she would likely succeed on the merits of the case
 because the South Carolina Supreme Court has stated an equitable bill of
 discovery is an independent civil action used to proceed with the discovery
 process when the South Carolina Rules of Civil Procedure provide no other
 mechanism for doing so.  Wofford v. Ethyl Corp., 316 S.C. 75, 77, 447
 S.E.2d 187, 189 (1994).  Further, Johnson argued if the evidence gathered for
 this case was not preserved, she would suffer immediate and irreparable injury
 by not being able to examine the evidence or pursue a valid civil action,
 leaving her with no legal remedy.  We find there to be a sufficient showing to
 support the circuit courts decision to grant the temporary injunction and,
 consequently, no abuse of discretion.  
The School District also argues the circuit court erroneously determined the merits of the case
 at the hearing on May 9, 2007, because the Rule to Show Cause did not contain
 the essential elements of a summons, and thus, the circuit court did not have
 proper personal jurisdiction to grant the relief requested by Johnson.  While
 we find the circuit court had personal jurisdiction to hear the matter because
 the motion for a temporary injunction was before it, we agree that the circuit
 court erroneously decided the merits of the case.
Although
 a court may consider the merits of a case to the extent necessary to determine
 whether a temporary injunction should be issued, it is improper for a court to
 make a final determination on the merits of a case at the hearing for a
 temporary injunction.  Roberts v. Union County Bd. of Sch. Trs., 284
 S.C. 299, 301, 326 S.E.2d 163, 164 (Ct. App. 1985); see also Helsel
 v. City of N. Myrtle Beach, 307 S.C. 29, 32, 413 S.E.2d 824, 826 (1992) (When
 a court is requested to issue a temporary injunction it may consider the merits
 of a case to the extent necessary to determine whether a temporary injunction
 is appropriate.).      
In
 the current case, the circuit court scheduled a hearing on May 9, 2007,
 ordering the School District to appear and show cause as to why Johnsons
 request for temporary relief should not be granted pending a hearing on the
 merits.  At the hearing, the circuit court granted Johnsons motion for a temporary
 injunction and allowed her to proceed with discovery.  By allowing discovery to
 move forward, the circuit court granted Johnson the relief requested in her equitable
 bill of discovery and, thus, decided the merits of the case.  As stated, it is
 improper for a court to make a final determination on the merits of a case upon
 a hearing to determine whether a party is entitled to a temporary injunction,
 and therefore, the circuit court erred in deciding whether Johnson was entitled
 to the relief requested in her equitable bill of discovery.  See Roberts,
 284 S.C. at 301, 326 S.E.2d at 164 (finding the circuit court should not decide
 the merits of a case at a hearing regarding entitlement to a temporary
 injunction).  Accordingly, the circuit courts order is reversed and the matter
 is remanded for a full hearing on the merits.  
In
 light of our decision on these issues, we need not address the remaining
 arguments on appeal.  See Futch v. McAllister Towing of Georgetown,
 Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding when a
 decision of one issue is dispositive, it is not necessary to decide remaining
 issues on appeal).  
CONCLUSION
For the
 foregoing reasons, the circuit courts order is
AFFIRMED
 IN PART, REVERSED IN PART, AND REMANDED.
ANDERSON,
WILLIAMS, and KONDUROS, JJ., concur.       

[1]  The name of the minor child has been changed to
protect the minor childs identity.  
[2] On May 21, 2007, the School District filed its answer
to Johnsons summons and complaint.