674 S.E.2d 505

AJG HOLDINGS, LLC; Stalvey Holdings, LLC; David Croyle; Linda Croyle; Jean C. Abbott; Lynda T. Courtney; Sumter L. Langston; Diane Langston; Carl B. Singleton, Jr.; Virginia M. Owens; and Stoney Harrelson, **Respondents,**

v.

Levon **DUNN;** Pamela S. Dunn; and Helen Sasser, **Defendants,**

Of Whom Levon Dunn and Pamela S. Dunn are the, **Appellants.**

No. 4508.

Court of Appeals of South Carolina.

Heard Jan. 21, 2009.

Decided Feb. 24, 2009.

Stephen P. Groves, Sr. and Thomas S. Tisdale, Jr., both of Charleston, for Appellants.

Jack M. Scoville, Jr., of Georgetown, for Respondents.

SHORT, J.:

Levon Dunn and Pamela Dunn (the Dunns) appeal the trial court's imposition of a preliminary injunction barring any commercial use of their property. We affirm in part, reverse in part, and remand.

## FACTS

The Dunns own approximately thirteen acres of contiguous land in Georgetown County. Four of the thirteen acres are located within a subdivision developed by Helen Sasser and known as Woodland Plantation. The four acres are divided into four lots, numbered Lots 7, 8, 9, and 10. Lots 9 and 10 were previously conveyed to the Dunns on September 9, 1994, by Riverside, Inc. The Dunns purchased Lots 7 and 8 on January 20, 2003, from Rodney and Carolyn Causey. The deeds for the Dunns' lots contain covenants and restrictions placed on the land by Sasser. The restrictions prohibit, among other things, commercial use of the lots without Sasser's written consent. The Dunns claim they were unaware of the restrictions when they decided to renovate a house located on Lots 7 and 8 to be used as a bed and breakfast facility and for social events including weddings and receptions. Georgetown County approved the renovations to the property. After the renovations were completed, the Dunns advertised the property in various publications and on a website as Dunn Acres Plantation.[1]

Shortly after the Dunns began advertising the plantation, the Dunns received a letter from a neighbor, Tommy Abbott, stating he learned of their plans to use the property as a bed and breakfast and he objected to any commercial activity on the property. Abbott also informed the Dunns the deed restrictions prohibited any commercial activity. As a result of Abbott's letter, the Dunns contacted Sasser to request an assignment and release of Sasser's rights as developer to the

---

1. In his affidavit dated February 1, 2007, Levon Dunn stated they "have not conducted any commercial activity on Lots 7–10 *at any time before or since* we learned of the restrictions prohibiting such use." (Emphasis in original). Also, the Dunns' attorney stated twice during the hearing that there was no commercial activity taking place on the property.

Dunns. The Dunns paid Sasser $15,000 for the assignment, which was executed on September 6, 2006.

On August 18, 2006, AJG Holdings, LLC; Stalvey Holdings, LLC; David Croyle; Linda Croyle; Jean Abbott; Lynda Courtney; Sumter Langston; Diane Langston; Carl Singleton, Jr.; Virginia Owens; and Stoney Harrelson (collectively, Respondents), who are owners of property in Woodland Plantation, filed an action seeking an injunction against the Dunns to prevent any commercial activity on their property, which Respondents claimed violated their deed restrictions. On February 26, 2007, Respondents filed an amended complaint and motion for a temporary restraining order.[2] Respondents asserted causes of action against the Dunns for violation of restrictive covenants, nuisance, and civil conspiracy. The amended complaint also added Sasser as a party-defendant and asserted causes of action against her for slander of title, breach of fiduciary duty, breach of warranties, breach of contract accompanied by a fraudulent act, and civil conspiracy.

The Dunns asserted counterclaims against Respondents for tortuous interference with prospective business relations, interference with a contractual relationship, civil conspiracy, and intentional infliction of emotional distress. On May 16, 2007, after a hearing on Respondents' motion for a temporary restraining order, the trial court imposed a temporary injunction against the Dunns. The Dunns filed a motion for reconsideration, to amend the court's findings, and to alter or amend the court's judgment pursuant to Rules 52(b) and 59(e), SCRCP, which was denied. This appeal followed.

## STANDARD OF REVIEW

 "An action to enforce restrictive covenants by injunctions is in equity." *S.C. Dep't of Natural Res. v. Town of*

---

2. Respondents also filed affidavits from neighbors David Croyle, Lynda Courtney, and Tommy Abbott that state the commercial use of the Dunns' property is disruptive to the neighborhood by causing traffic and noise, and impairs the enjoyment of their property. In response, the Dunns filed an affidavit from Reecy Whipple, who owns the house closest to the Dunns' property. Whipple averred he was present at his home during three weddings at the Dunns' property, and the music was not loud, the guests were gone in three hours, and the traffic was reasonable.

*McClellanville,* 345 S.C. 617, 622, 550 S.E.2d 299, 302 (2001). The grant of an injunction is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *City of Columbia v. Pic–A–Flick Video, Inc.,* 340 S.C. 278, 282, 531 S.E.2d 518, 520–21 (2000); *Peek v. Spartanburg Reg'l Healthcare Sys.,* 367 S.C. 450, 454, 626 S.E.2d 34, 36 (Ct.App.2005). "An abuse of discretion occurs when the decision of the trial court is unsupported by the evidence or controlled by an error of law." *Peek,* 367 S.C. at 454, 626 S.E.2d at 36; *County of Richland v. Simpkins,* 348 S.C. 664, 668, 560 S.E.2d 902, 904 (Ct.App.2002).

## LAW/ANALYSIS

### I. Bond

The Dunns argue the trial court improperly failed to require Respondents to post a bond before imposing the preliminary injunction. We agree.

Rule 65(c), SCRCP, provides that:

Except in divorce, child custody and non-support actions where the giving of security is discretionary, no restraining order or temporary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Recently, in *Atwood Agency v. Black,* 374 S.C. 68, 73, 646 S.E.2d 882, 884 (2007), our supreme court held even a nominal bond does not satisfy Rule 65(c). The court found the nominal amount was improper "because it erroneously assume[d] the injunction [was] proper instead of providing an amount sufficient to protect appellants in the event the injunction [was] ultimately deemed improper." *Id.* at 73, 646 S.E.2d at 884. The court remanded the case to the trial court to award the appropriate amount of costs and damages incurred as a result of the temporary injunction. *See also* 12 S.C. Jur. *Equity* § 19 (1992) ("Rule 65(c) of the South Carolina Rules of Civil Procedure requires that security be posted before the court may issue ... a temporary injunction.").

Prior to the adoption of the South Carolina Rules of Civil Procedure, our supreme court held a bond was required for the issuance of a temporary injunction under section 570 of the 1942 South Carolina Code; however, a court's failure to require a bond was not a jurisdictional defect, and a court could amend the order of injunction to require execution of a sufficient bond. *Epps v. Bryant*, 218 S.C. 359, 365, 62 S.E.2d 832, 834–35 (1950); *Ex Parte Zeigler*, 83 S.C. 78, 81, 64 S.E. 513, 514 (1909) (holding the injunction was correctly granted, but the court erred in not requiring a bond and, thus, the circuit court's judgment was modified to require the filing of a proper bond).

Although we recognize the Dunns stated they were not using their property for commercial purposes, and therefore, it follows there would be no need for a bond to protect their future losses as a result of the injunction, Respondents also filed affidavits claiming nuisance and noise as a result of weddings previously held on the Dunns' property. Thus, it appears at some point the Dunns' property may have been used for commercial purposes. Therefore, because Rule 65(c), SCRCP, requires the trial court to order Respondents to post a bond before issuing the temporary injunction, and no bond was ordered in this case, we remand this case for the trial court to amend the order of injunction to require execution of a sufficient bond.[3]

## II. Elements Required for Temporary Injunction

The Dunns argue the trial court improperly imposed the preliminary injunction because the court failed to require Respondents to meet all of the mandatory elements to obtain a preliminary injunction. We disagree.

"An injunction is a drastic remedy issued by the court in its discretion to prevent irreparable harm suffered by the plaintiff." *Scratch Golf Co. v. Dunes W. Residential Golf Props., Inc.*, 361 S.C. 117, 121, 603 S.E.2d 905, 907 (2004). The plaintiff's complaint must allege facts sufficient to constitute a cause of action for injunction and demonstrate it is

---

3. Moreover, we note Rule 65(c) provides security for the payment of court and other costs incurred by the Dunns should the court ultimately find they were wrongfully enjoined.

reasonably necessary to protect the legal rights of the plaintiff pending in the action. *Peek v. Spartanburg Reg'l Healthcare Sys.*, 367 S.C. 450, 454, 626 S.E.2d 34, 36 (Ct.App.2005); *County of Richland v. Simpkins*, 348 S.C. 664, 669, 560 S.E.2d 902, 904 (Ct.App.2002). Generally, for a preliminary injunction to be granted, the plaintiff must establish that: (1) he would suffer irreparable harm if the injunction is not granted; (2) he will likely succeed on the merits of the litigation; and (3) there is an inadequate remedy at law. *Scratch Golf Co.*, 361 S.C. at 121, 603 S.E.2d at 908; *Peek*, 367 S.C. at 454–55, 626 S.E.2d at 36. "Before granting an injunction, the trial court should balance the equities: the court should look at the particular facts of each case and the equities of each party and determine which side, if any, is more entitled to equitable relief." *Peek*, 367 S.C. at 455, 626 S.E.2d at 36–37. The purpose of an injunction is to preserve the status quo and prevent possible irreparable injury to a party pending litigation. *Id.*

The plaintiff is not required to prove an absolute legal right when seeking a preliminary injunction, but the plaintiff must present a reasonable question as to the existence of such a right. *Id.* at 456, 626 S.E.2d at 37. "When a court is requested to issue a temporary injunction it may consider the merits of a case to the extent necessary to determine whether a temporary injunction is appropriate." *Helsel v. City of N. Myrtle Beach*, 307 S.C. 29, 32, 413 S.E.2d 824, 826 (1992). "Once a prima facie showing has been made entitling the plaintiff to injunctive relief, a temporary injunction will be granted without regard to the ultimate termination of the case on the merits." *Id.* "Generally, a restrictive covenant will be enforced regardless of the amount of damage that will result from the breach and even though there is no substantial monetary damage to the complainant by reason of the violation. . . . The mere breach alone is grounds for injunctive relief." *Siau v. Kassel*, 369 S.C. 631, 640–41, 632 S.E.2d 888, 893 (Ct.App.2006).

The Dunns argue Respondents failed to meet the three mandatory elements to obtain a preliminary injunction. First, the Dunns claim Respondents did not show they would suffer irreparable harm if the injunction was not granted, but

would merely suffer some inconvenience from their commercial activity. However, Respondents submitted affidavits stating the commercial activity on the Dunns' land caused noise and traffic in the neighborhood. This activity interfered with their right to the use and enjoyment of their property and is sufficient to prove Respondents suffered an irreparable harm. Second, the Dunns argue Respondents did not present sufficient evidence they will likely succeed on the merits of the litigation because the restrictions were eliminated by the Sasser assignment. Respondents presented affidavits and deeds in support of their argument that Sasser did not hold any such right or reservation, thus the assignment was invalid, and the Dunns' property remains subject to the prohibition against commercial uses. This is sufficient evidence to show Respondents are likely to succeed on the merits. Third, the Dunns claim Respondents have an adequate remedy at law because they could contact local law enforcement about the noise and disruptive guests, or they could sue for monetary damages. The trial judge found the Dunns' criminal law resolutions and an award of monetary damages to be inadequate remedies for the intrusions on Respondents' property rights. Accordingly, we find the trial judge properly found Respondents made a prima facie showing they were entitled to injunctive relief and, therefore, the temporary injunction was properly granted.

Additionally, the Dunns claim the court erred by basing its decision on their statements concerning the use of their land. Levon Dunn stated in his affidavit they "have not conducted any commercial activity on Lots 7–10 *at any time before or since* we learned of the restrictions prohibiting such use." (emphasis in original). Also, the Dunns' attorney stated twice during the hearing that there was no commercial activity taking place on the property. The trial court found these statements significant and noted them in the order because it is evidence the injunction will not be unduly inequitable against the Dunns.

## CONCLUSION

Therefore, we affirm the circuit court's order granting the temporary injunction; however, we reverse the circuit court's

order failing to require Respondents to post a bond, and remand for findings in accordance with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, and RE-MANDED.**

CURETON and GOOLSBY, A.JJ., concur.