THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Edwin O. Smith
 and Roger M. Caldwell, co-personal representatives of the estate of Marjorie
 H. Smith, Respondent,
 v.
 SGM Moonglo,
 Inc., Appellant.
 
 
 

 
Appeal From Lexington County
  Deadra L. Jefferson, Circuit Court Judge
__________
Unpublished Opinion No. 2011-UP-151
Heard March 9, 2011  Filed April 12, 2011    
__________
AFFIRMED
__________
Robert L. Jackson, of Columbia, for Appellant.
James Ross Snell, of Lexington, for Respondent.
PER
 CURIAM:  This case involves a
 restrictive covenant in a deed from Marjorie Smith,[1] the original grantor, to
 SGM Moonglo, Inc., the fourth grantee.  The deed prohibited the sale of alcohol
 on the land.  When SGM began selling alcohol on the land, Smith sought an
 injunction enforcing the covenant.  SGM appeals the circuit court's order enjoining
 it from selling alcohol.  It argues (1) the prohibition on selling alcohol is a
 condition of sale rather than a restrictive covenant, (2) Smith did not have
 standing to enforce the covenant, (3) the language of the covenant was
 ambiguous, and (4) Smith was unqualified to testify to diminution in her
 property value.  SGM also alleges error in various factual findings by the
 circuit court.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:
1. As to whether the prohibition is a condition of sale or a restrictive
 covenant: Bennett v. Investors Title Ins. Co., 370 S.C. 578, 599, 635
 S.E.2d 649, 660 (Ct. App. 2006) (finding appellants abandoned an issue on
 appeal when they failed to cite any case law for a proposition and made only conclusory
 arguments in support); Rule 208(b)(1)(D), SCACR (stating that each
 "particular issue to be addressed shall be set forth in distinctive type,
 followed by discussion and citations of authority") (emphasis
 added).  
2. As to whether Smith had standing to enforce the restrictive covenant: McLeod
 v. Baptiste, 315 S.C. 246, 247, 433 S.E.2d 834, 835 (1993) ("[T]he
 grantor lacks standing to enforce a covenant against a remote grantee when the
 grantor no longer owns real property which would benefit from the enforcement
 of that restrictive covenant.").  
3. As to whether the deed language was ambiguous: Taylor v. Lindsey,
 332 S.C. 1, 4, 498 S.E.2d 862, 863-64 (1998) ("Words of a restrictive
 covenant will be given the common, ordinary meaning attributed to them at the
 time of their execution.  Restrictive covenants are contractual in nature, so
 that the paramount rule of construction is to ascertain and give effect to the
 intent of the parties as determined from the whole
 document.") (internal quotation marks and citations omitted).
4. As to Smith's qualification to testify about property value diminution: AJG
 Holdings, LLC v. Dunn, 382 S.C. 43, 51, 674 S.E.2d 505, 509 (Ct. App. 2009)
 ("Generally, a restrictive covenant will be enforced regardless of the
 amount of damage that will result from the breach and even though there is no
 substantial monetary damage to the complainant by reason of the violation . . .
 .  The mere breach alone is grounds for injunctive relief.").
5. As to the alleged error in factual findings: Eaddy v. Smurfit-Stone
 Container Corp., 355 S.C. 154, 164, 584 S.E.2d 390, 396 (Ct. App. 2003)
 ("This court has noted that short, conclusory statements made without
 supporting authority are deemed abandoned on appeal and therefore not preserved
 for our review.").
AFFIRMED.
FEW, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] Smith was the original plaintiff; however, she died during the pendency of this
 appeal.  Her personal representatives were substituted as parties to this
 litigation.