THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Consolidated
 Tires, Inc., Respondent,
 
 
 

v.

 
 
 
 Ken Hamlett, Appellant.
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2011-UP-308   
 Submitted June 1, 2011  Filed June 17,
2011

REVERSED

 
 
 
 Ken E. Hamlett, pro se, of Greenville, for
 Appellant.
 Erin Culbertson and James Cassidy, both of
 Greenville, for Respondent.
 
 
 

PER CURIAM: Ken
 Hamlett appeals a circuit court's grant of a temporary injunction that
 prohibited him from occupying two houses on a tract of land owned by
 Consolidated Tires, Inc. (Consolidated).  Consolidated originally sought Hamletts
 ejectment because it wanted to build new corporate headquarters on the
 property.  Hamlett argues the circuit court erred in (1) permitting Consolidated
 to renew a previously denied motion for a temporary injunction; (2) granting
 the temporary injunction upon insufficient evidence; (3) failing to hold a jury trial for the temporary injunction; (4) failing
 to provide an accurate hearing transcript; (5) depriving him of due process by considering
 affidavits and exhibits not filed with the renewed motion; (6) advocating on
 behalf of Consolidated; and (7) orchestrating an unconstitutional taking of his
 rights to the property.  We reverse.[1]
"The grant of an
 injunction is within the sound discretion of the trial court and will not be
 reversed absent an abuse of that discretion."  AJG Holdings, LLC v.
 Dunn, 382 S.C. 43, 49, 674 S.E.2d 505, 507 (Ct. App. 2009) (citations and
 internal quotation marks omitted).  "An
 injunction is a drastic remedy . . . ."  Id. at 50, 674 S.E.2d at 508 (citation and internal quotation marks omitted).  A
 court may issue a temporary injunction "only if necessary to preserve the
 status quo ante, and only upon a showing by the moving party that without such
 relief it will suffer irreparable harm, that it has a likelihood of success on
 the merits, and that there is no adequate remedy at law."  Poynter
 Invs., Inc. v. Century Builders of Piedmont, Inc., 387 S.C. 583, 586-87,
 694 S.E.2d 15, 17 (2010).  
Here,
 the circuit court abused its discretion.  The temporary injunction was not
 necessary to preserve the status quo, and in fact, the injunction would do the
 opposite by removing Hamlett from the property.  Moreover, an adequate remedy
 at law exists because Consolidated could be awarded a monetary judgment against
 Hamlett if Consolidated's suit is successful.
Because we reverse on the
 above issue, we need not address the remaining issues.  See Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (stating an appellate court need not address remaining issues when a
 decision on a prior issue is dispositive).
REVERSED.
HUFF,
 WILLIAMS, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.