**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

City of Myrtle Beach, for Itself and a Class of Similarly Situated Plaintiffs, Respondent,

v.

Horry County, Appellant.

Appellate Case No. 2019-001134

———————————

Appeal from Horry County
William H. Seals Jr., Circuit Court Judge

———————————

Memorandum Opinion No. 2020-MO-014
Heard August 19, 2020 – Filed December 2, 2020

———————————

**AFFIRMED**

———————————

Wm. Grayson Lambert, of Burr & Forman LLP, of Columbia; James K. Gilliam and Adam R. Artigliere, both of Burr & Forman LLP, of Greenville; and Henrietta U. Golding, of Burr & Forman LLP, of Myrtle Beach, all for Appellant.

John M. S. Hoefer and Chad N. Johnston, both of Willoughby & Hoefer, PA, of Columbia; and R. Walker Humphrey II, of Willoughby & Hoefer, PA, of Charleston, for Respondent.

———————————

**PER CURIAM:**  Horry County (the County) appealed an order granting a temporary injunction which halted the collection of a 1.5% fee (the Fee) on accommodations, hospitality, admissions, and car rentals within the municipalities in the county, and we certified the appeal pursuant to Rule 204(b), SCACR.  We now affirm the well-reasoned order of the circuit court and concur with its analysis in every respect.  *See Hook Point, L.L.C. v. Branch Banking & Tr. Co.*, 397 S.C. 507, 510, 725 S.E.2d 681, 683 (2012) ("The grant of an injunction is reviewed for [an] abuse of discretion.").  Having carefully reviewed the matter, we find the municipalities have manifestly established a likelihood of success on the merits, and made the requisite initial showing that: (1) they will suffer irreparable harm if the injunction is not granted; (2) there is no adequate remedy at law; (3) the County's collection of the Fee was arbitrary, oppressive, and capricious; and (4) the temporary injunction was reasonably necessary to protect the municipalities' rights in the pending action.[1]  *See generally Richland Cty. v. S.C. Dep't of Revenue*, 422 S.C. 292, 310, 811 S.E.2d 758, 767 (2018) (setting forth the necessary elements for a temporary injunction against a public entity); *Atwood Agency v. Black*, 374 S.C. 68, 72, 646 S.E.2d 882, 884 (2007).  The temporary injunction preserves the status quo until the circuit court finally determines the Fee's legality.  The order granting a temporary injunction halting collection of the Fee in the municipalities in Horry County is therefore

**AFFIRMED.**[2]

---

[1] As the municipalities correctly note in their brief to this Court, the County has not challenged the circuit court's findings regarding items (2), (3), and (4) in the above list.

[2] The parties attempted to settle the matter following the oral argument before this Court.  However, their settlement talks were incomplete, with the remaining point of contention being whether there were any residual funds to split between the purported class members, and if so, how Rule 23(e), SCRCP, applied to the disposition of those funds—a novel issue of law in South Carolina.  The parties asked the circuit court to choose between two options, one proposed by the County and one proposed by the municipalities.  The circuit court chose the County's option, and the municipalities appealed, asking us to certify the appeal pursuant to Rule 204(b), SCACR.  The parties also filed a consent motion to dismiss this appeal due to the settlement.  We grant the motion to certify the appeal of the settlement order but decline to weigh in on this novel issue of law at this late stage

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

of the appeal and force an "involuntary" settlement term on one of the parties (i.e., the municipalities).

Settlement is a voluntary matter between the parties and can reach far beyond the powers of the courts. Because a settlement agreement creates an enforceable contract, the parties must agree on all of the material terms. *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 578, 762 S.E.2d 696, 701 (2014) ("A valid and enforceable contract requires a meeting of the minds between the parties with regard to *all* essential and material terms of the agreement. Thus, for a contract to be binding, material terms cannot be left for future agreement."). Here, the parties have failed to agree on all the material terms of the settlement, specifically, the residual funds issue. We therefore reverse the circuit court's settlement order and reject the parties' settlement agreement. We also deny the motion to dismiss this appeal. The parties are free to continue their settlement negotiations on remand. If those negotiations are successful and a fully binding agreement is presented to the circuit court for its approval, the circuit court must weigh in on the legality of that agreement at that time. *See, e.g.*, *Poston ex rel. Poston v. Barnes*, 294 S.C. 261, 264, 363 S.E.2d 888, 890 (1987) ("We are cognizant that *litigants are free to devise a settlement agreement in any manner that does not contravene* public policy or *the law*." (emphasis added)).