**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ernest F. Middleton, III, and Joyce J. Middleton, Michael J. Farrar and Diana Farrar, Robert E. Hunt and Jeane M. Sullivan, the Colony Homeowners Association, Inc., and Keep It Green, Inc., Respondents,

v.

Georgetown County and Benjamin F. Goff, Sr., Trustee of the Benjamin F. Goff 2004 Revocable Trust dated June 18, 2004, Defendants,

Of which Benjamin F. Goff, Sr., Trustee of the Benjamin F. Goff 2004 Revocable Trust dated June 18, 2004, is the Appellant and Georgetown County is a Respondent.

Appellate Case No. 2023-000615

Appeal From Georgetown County
William H. Seals, Jr., Circuit Court Judge

Unpublished Opinion No. 2024-UP-259
Submitted June 1, 2024 – Filed July 17, 2024

**AFFIRMED**

Benjamin F. Goff, Sr., of Randolph, Massachusetts, pro se.

H. Thomas Morgan, Jr., Rachel Elizabeth Lee, and
Sydney Jean Douglas, all of Smith Robinson Holler
DuBose Morgan, LLC, of Columbia, for Respondent
Georgetown County.

Cynthia Ranck Person, of Keep it Green Advocacy, Inc.,
of Pawleys Island, for Respondents Diana Farrar,
Michael J. Farrar, Joyce J. Middleton, Ernest F.
Middleton, III, Robert E. Hunt, Jean M. Sullivan, Keep It
Green, Inc., and The Colony Homeowners Association,
Inc.

---

**PER CURIAM:** We affirm the circuit court's order granting Respondents' motions to dismiss Benjamin F. Goff, Sr.'s counterclaims and to strike six of his fifteen affirmative defenses.

1. We find Goff's counterclaims for declaratory judgment, civil conspiracy, conspiracy against rights, deprivation of rights under color of law, and injunctive relief failed to assert a foundation sufficient to establish such causes of action and merely set forth conclusory statements without support. Thus, we hold the circuit court correctly dismissed each counterclaim. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court."); *id.* ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper."); *Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995) ("To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy."); *Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021) (stating the elements to establish a cause of action for civil conspiracy are "(1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff"); 18 U.S.C.A. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); *Thomas v. Salvation*

*Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) ("The color of law requirement 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999))); *AJG Holdings, LLC v. Dunn*, 382 S.C. 43, 51, 674 S.E.2d 505, 508 (Ct. App. 2009) ("Generally, for a preliminary injunction to be granted, the plaintiff must establish that: (1) he would suffer irreparable harm if the injunction is not granted; (2) he will likely succeed on the merits of the litigation; and (3) there is an inadequate remedy at law.").

2. We find Goff's affirmative defenses of civil conspiracy, conspiracy against rights, deprivation of rights under color of law, misrepresentation, estoppel, and unclean hands are irrelevant and improper defenses to any cause of action within Respondents' complaint. Thus, we hold the circuit court correctly struck them from Goff's answer. *See* Rule 12(f), SCRCP (stating a motion to strike a pleading is proper for any "insufficient defense or any redundant, immaterial, impertinent[,] or scandalous matter"); *Steinke v. S.C. Dep't of Lab., Licensing & Regul.*, 336 S.C. 373, 398, 520 S.E.2d 142, 155 (1999) ("An appellate court will not reverse the [circuit] court's decision to strike an insufficient or irrelevant allegation or defense unless the [circuit] court abuses its discretion."); *id.* ("An abuse of discretion arises where the [circuit] court was controlled by an error of law or where its order is based on factual conclusions that are without evidentiary support."); *Straight v. Goss*, 383 S.C. 180, 207, 678 S.E.2d 443, 458 (Ct. App. 2009) ("[T]he equitable defense of unclean hands is available in a shareholder derivative action.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.